FREEMAN, executor, *vs.* HAMILTON *et al.*

On the trial of an issue formed by a caveat to a paper propounded as a will, on the ground of fraud, imposition and undue influence, a charge that "when a paper is presented to the court purporting to be a will, it must be satisfactorily shown to the jury that the person making it had legal capacity to make it; that it was freely and voluntarily made; that it is a fair and legal expression of the intention; the burden of proof is on the person offering it," was correct, so far as it went, but it should have gone further and added, "that when propounder showed the testamentary capacity of

testator, and that the will was made freely and voluntarily, then the onus is changed, and the burden of proof is on the caveators to make their grounds of objection good.

(*a.*) This does not conflict with the case in 52 *Ga.*, 169.

(*b.*) Where the facts are closely contested, the charge should state the theory of each side with equal explicitness and fairness. It should not be more favorable to one side than to the other, and should be applied hypothetically to the facts in the case.

December 2, 1884.

Wills. Charge of Court. Before Judge POTTLE. Floyd Superior Court. March Term, 1884.

Reported in the decision.

ALEXANDER & WRIGHT; UNDERWOOD & ROWELL; WRIGHT, MEYERHARDT & WRIGHT, for plaintiff in error.

DABNEY & FOUCHE; C. N. FEATHERSTON; J. H. REECE; J. A. BILLUPS, for defendants.

BLANDFORD, Justice.

The plaintiff in error propounded a paper as the last will and testament of Malinda Hamilton, deceased, to which defendants in error filed their caveat and objections, upon the grounds that said paper so propounded was not the last will and testament of said deceased, because the same was procured to be made by the fraud and imposition of certain persons named in said pretended will as benefi- ciaries thereunder, and because of the undue influence ex- ercised by said persons on testatrix, whereby their wills were substituted for that of the testatrix. Upon the trial of the issues thus presented, the jury found in favor of caveators, and against the paper propounded as the last will and testament of Malinda Hamilton.

Propounders moved for a new trial, upon several grounds, which was overruled by the court, and the propounders ex- cepted, which is brought here for our consideration.

One of the main errors complained of is that the court

charged the jury, " When a paper is presented to the court, purporting to be a will, it must be satisfactorily shown to the jury that the person making it had legal capacity to make it; that it was freely and voluntarily made; that it is a fair and legal expression of the intention; the burden of proof is on the person offering it."

While this charge is correct, so far as it went, we do not think the court went far enough; he should have added thereto, " that when propounder showed the testamentary capacity of testator, and that the will was made freely and voluntarily, then the onus was changed, and the burden of proof was on the caveators to make their grounds of objection good." 59 *Ga.*, 472, and this case does not conflict with that reported in 52 *Ga.*, 169. The failure of the court to charge, as has been indicated, is calculated to mislead the jury and work harm to the propounder, more especially as the whole charge of the court appears to us as being a powerful statement of the law in favor of caveators, and as it does not appear from the charge that the court made a corresponding statement in favor of the theory held and maintained by the propounder. The charge in a case like this, where the facts are close, should state the case and theory of each side with equal explicitness and fairness, and should not be more favorable to the one side than the other, and should be applied hypothetically to facts in the case. We are satisfied that the ends of justice require that a new trial be had in this case. We express no opinion upon the facts.

Judgment reversed.