### 1429.   WALKER *v.* CITY OF ROME.

1. It is always competent, as illustrating the credibility of a witness, to show his animus as to a matter relevant to the controversy, or his feelings toward either party to the cause.
2. A statement of an account which contains or upon which is indorsed an acknowledgment of indebtedness is admissible either as original proof or in corroboration of other testimony showing the defendant's indebtedness.
3. Proof of the indebtedness of a municipal corporation is not necessarily confined to the contents of its minutes. A creditor of a municipal corporation may prove his debt by evidence other than the minutes of the municipality, or even by credible testimony which is in direct conflict with the minutes. His right to recover can not be defeated by the mere failure of the municipal corporation to keep correct minutes of its proceedings.
4. Where two municipal corporations are consolidated and the new corporation receives assets of value, or where one municipality absorbs another, and receives property and cash which is liable for the payment of the debts of the absorbed and dissolved corporation, the absorbing municipality becomes liable, at least to the amount of the assets it receives, for such pre-existing debts.

Certiorari, from Floyd superior court—Judge Wright. July 8, 1908.

Submitted December 9, 1908. —Decided April 15, 1909.

*Henry Walker,* for plaintiff.   *W. J. Nunnally,* for defendant.

RUSSELL, J. The plaintiff in error, an attorney at law, brought suit in a justice's court against the City of Rome, for services rendered as city attorney of the Town of East Rome. It appears that, in accordance with the provisions of the act of August 20, 1906 (Acts of 1906, p. 1010), the Town of East Rome was annexed to the City of Rome, and that the latter corporation assumed sovereignty over the former territory and the inhabitants of East Rome, and received, under the terms of the act of annexation, about $8,000 in solvent tax debts and in personal and real property, including about $280 in cash. The act of 1905 (Acts of 1905, p. 820) authorized the Town of East Rome to employ counsel for the town. The evidence was undisputed that Mr. Walker, the plaintiff in error, was the regularly employed attorney of East Rome, and that as such he performed the services for which the suit was brought, and that under the direction of the finance committee of the council of East Rome he incurred the expense of the bill for type-writing and stenographic work which formed a part of the account sued upon. In the statement of account, attached to the summons in the justice's court, the plaintiff set forth his cause of action very fully. It was alleged that the City of Rome is indebted to the plaintiff because the debt "was assumed by the City of Rome under an express enactment contained in the act of August 20th, 1906, amending the charter of said city;" that "the City of Rome, having taken over the territory of East Rome, became liable to plaintiff in the sum sued for; it is also liable because sovereignty carries with it obligation. The City of Rome received from East Rome, under the scheme of annexation, a sum of cash, and personal and real property of East Rome, more than sufficient to pay said debt." The plaintiff then set forth in detail his services in preparing four resolutions, and the item of clerical work "ordered and had done in pursuance of" the last resolution mentioned. The account had entered upon it the approval of the chairman of the finance committee of East Rome. The defendant did not file any answer denying the justness and fairness of the plaintiff's claim or any portion of it, and did not introduce any testimony. The jury found in favor of the defendant. The plaintiff certioraried; and the writ of error complains of the judgment overruling and dismissing the certiorari.

1. We think the court erred in overruling the certiorari. Three errors were assigned in the petition for certiorari. In the first place, it is insisted that the justice of the peace erred in permitting a witness to testify, over plaintiff's objection (that the testimony was irrelevant), that "plaintiff and said three councilmen actively opposed annexation, at the polls and elsewhere." It is always competent and proper to show the animus of a witness as to a matter relevant to the controversy, or his feelings toward a party to the cause. There was no error in admitting the testimony showing the feeling of the witnesses as to the matter which was the original bone of contention. A party cross-examining the witnesses of his adversary should be allowed the fullest right of thorough and sifting cross-examination; and the feeling or bias of a witness as to the subject-matter of controversy, or as to any party involved in the litigation, is always the legitimate subject-matter of inquiry, because it may affect the credibility of such witness before the jury.

2. We think the court erred in excluding the original approved account from the evidence. Under the evidence of the clerk of the council of East Rome, the account, when approved by the chairman of the finance committee, was a duly approved voucher. It was an acknowledgment by the debtor which, under the practice prevailing in that municipality, was entitled to payment. According to the evidence, the account was examined, found correct, approved, and directed to be paid. It was declared upon as a liquidated debt, and was relevant as evidence. As appears by the record, the objection urged at the time to the introduction of the voucher was irrelevancy, because it was "no evidence of any debt against East Rome." As has already been said, it was uncontradicted, in the evidence (and the testimony had been admitted without objection), that Mr. Walker was the city attorney of East Rome; that he performed the services charged in the account; and the minutes of East Rome gave evidence of the fact that these services were accepted. Of necessity, an implied contract arose, by which East Rome was bound to pay the reasonable value of these services which the proceedings of the council show had been accepted by the municipality. As heretofore stated, there was no denial of the justice of the claim or that the services were rendered; and for that reason, if the suit had been proceeding against the Town of

East Rome, the plaintiff should have recovered. The testimony which the court ruled out, so far as it relates to the approval of the account by the chairman of the finance committee, was strictly in corroboration of the testimony theretofore adduced in behalf of the plaintiff, being an admission of East Rome's liability *for the amount stated,* after it had been shown by the evidence that the defendant, by having accepted the services, was liable for *some* amount.

3. A county can not be held liable upon any contract which is not entered upon the minutes kept by the proper county authorities; and it is insisted, in the brief of learned counsel for the defendant, that, inasmuch as there is no evidence from the minutes of East Rome, showing that a contract was made with Mr. Walker to act as city attorney, the plaintiff failed to make out his case against East Rome. The provision in regard to contracts which impose liabilities upon counties is a statutory requirement limited to counties. We know of no rule by which a municipal corporation is relieved from liability for the obligations assumed in its behalf or for debts incurred in its behalf by the properly constituted agent or agencies, or for services which have been accepted by the proper municipal authority under an implied agreement to pay for the same. And certainly, where, in the ordinary conduct of the business of a municipality, debts are incurred in the purchase of supplies, or where, in the procurement of services necessary for the ordinary administration of the business of the municipality, an indebtedness is created, for which funds have already been raised and are in hand in cash, sufficient for its payment, as appears in the present instance, there is lacking neither the proper authorization to create the debt, nor the liability to pay it. So far as the present case is concerned, the minutes of the council of East Rome show that that municipality, knowing that Walker expected pay for his services, received the benefit of them. But even if the evidence for the plaintiff had depended entirely upon the oral testimony, we see no reason why he would not still be entitled to recover, if the suit were proceeding against the Town of East Rome. So far as a debt created by the properly authorized agent of a municipality is concerned, the creditor is not estopped from enforcing his contract because the contract which is the basis of the indebtedness has not been entered upon the minutes of the

municipality. Proof of the indebtedness of a municipal corporation is not necessarily confined to the contents of its minutes. A creditor of a municipality may prove his debt by evidence other than the minutes of the municipality, or even by evidence in direct conflict with the minutes, if such evidence is credible to the jury. One who claims to be a creditor of a municipality must, of course, show that the agent by whom the debt was created had full authority to contract with him; but the right of a creditor to recover upon a debt due him by a municipal corporation can not be defeated by its mere failure to keep correct minutes of its proceedings, or even if no record be kept at all. It is essential to the protection of every municipality that the minutes of the proceedings of its officials be kept, but this is rather for the protection of the municipality against the misfeasance of its own agents than to defeat the just claims of creditors to whom the city may properly have become indebted upon contracts legally made by agents of the municipality, authorized or required to make such contracts.

4. It being clear to us that the original liability of East Rome was established by the evidence, we come next to consider whether the liability of the City of Rome as defendant in the suit was established. In the absence of any evidence to the contrary, we think the circumstance that the clerk of the council of East Rome had delivered to the City of Rome $8,000 worth of real property, tax fi. fas., and cash, considered in connection with the resolution of the mayor and council of East Rome, taken from the minutes, is sufficient to establish the fact that annexation, by virtue of the act of 1906, is an accomplished fact, and that the Town of East Rome, in accordance with the provision of that legislation, has been merged into the City of Rome, with the right of sovereignty in the latter over the inhabitants and territory formerly within the municipality of East Rome. In view of the language contained in the act of 1906, no other inference is suggested by the transfer of the assets of the Town of East Rome. The effect of the act of 1906, then, was to repeal the act incorporating the Town of East Rome, and to deliver its assets to the City of Rome. As held in Broughton v. Pensacola, 93 U. S. 268, 269 (23 L. ed. 896), Justice Field delivering the opinion of the court (and reiterated in New Orleans v. Clark, 95 U. S. 654, 24 L. ed. 521), the rule as to public corporations is not different from that as to private corpo-

rations, where a merger or consolidation of two corporations is effected whereby one of them becomes possessed of the assets of the other. True, in the case of private corporations, the consolidation may be effected by the agreement of the corporations themselves, without the intervention of the State, whereas the consolidation of two public corporations, or the absorption of one municipality into another, can only be effectuated by the sovereign legislative power of the State. But whether the corporation be public or private, if the effect of the consolidation is to dissolve or destroy one of the corporations previously existing, and, by reason of the merger, the remaining corporation becomes possessed of property or assets of the extinct corporation, it takes these assets and property charged with the debts of the deceased municipality. The rule laid down as to private corporations, in *Tompkins* v. *Augusta Southern R. Co.,* 102 *Ga.* 443 (30 S. E. 992), and in *Hawkins* v. *Central Ry. Co.,* 119 *Ga.* 163 (46 S. E. 82), is equally applicable to cases where one municipality absorbs another. We do not say that, in the exercise of its broad powers to create and destroy municipalities at its pleasure, the legislature might not provide to the contrary, by express enactment to that effect, but where, as in the act of 1906, supra, no provision is made upon the subject, the municipality which is given sovereignty over the territory and inhabitants of a former existing municipality, and receives funds which are charged with the payment of its debts, takes these assets charged with a trust which it is bound, ex æquo et bono, to discharge. There may have been no courtship and no romance attendant upon the ceremonial, but the act of 1906 effected a marriage between Rome and East Rome, and attached a liability "analogous to that of the husband for the debts of the wife under the old law of baron and feme." When the plaintiff, after having established the primary liability of East Rome, thereafter showed that the City of Rome had received $280 in cash which was subject to his debt and to no other, he was entitled to a verdict in his favor. The verdict rendered against him was wholly without evidence and contrary to evidence, and should have been set aside.

*Judgment reversed.*