## RIORDAN *et al.* v. BALDWIN *et al.*

Under the allegations of the petition brought by minority stockholders of a solvent corporation against it and the duly appointed agent to liquidate its affairs, on the ground of an ultra vires act of the directors in giving to such agent an automobile belonging to the corporation, and the neglect of the corporation and the agent to fully and fairly wind up its business, a receivership, in view of the petition and the evidence submitted, was not authorized.

No recovery being prayed for in favor of either of the plaintiffs against either of the defendants, no judgment of recovery, for this reason if for no other, could legally be rendered.

No. 1669. SEPTEMBER 28, 1920.

Equitable petition. Before Judge Worrill. Terrell superior court. September 22, 1919.

In September, 1918, W. A. Baldwin, A. J. Baldwin, and the First State Bank brought an action against the Dawson Consolidated Grocery Company, a trading corporation, and W. E. Riordan. The material substance of the petition, so far as necessary to be here stated, is to this effect: The plaintiffs are minority share-

holders in the defendant corporation, which, in January, 1918, by proper resolution discontinued business and employed defendant Riordan, its president, at a stated salary, and for a given time, to liquidate its business affairs. The corporation was then and continues to be solvent; its six directors, among them defendant Riordan, are named. When it ceased to do business and appointed Riordan its liquidating agent, there was due to the plaintiff bank a stated sum as a stock dividend previously declared, all of which was paid by Riordan pending the suit, except a portion of the interest claimed thereon. Riordan took possession of all the assets of the corporation, among them being a certain automobile of the alleged value of $1,500, claimed by him as a gift under a resolution passed by the directors subsequently to his appointment as liquidating agent, which gift is alleged to be void as an ultra vires act of the directors. It is further alleged that Riordan failed to wind up the business of the corporation during the time he was employed to do so, and that its affairs are being neglected; that there is still a considerable portion of the assets not converted into cash, "and there is no paid official charged with the duty of protecting the assets and interests of the stockholders." For the reason stated Riordan and the corporation are charged with "misuse, misappropriation, and diversion of the funds and property of the corporation," to the injury of the plaintiffs. Riordan fails and refuses, on demand, to account to plaintiffs for their interests as stockholders, "or to pay them their distributive share of their interest in said company." The prayers are: that process issue against both defendants; that an accounting be had between defendants on the one hand and plaintiffs on the other, in order that their interests as shareholders may be determined; that a receiver be appointed for all the assets of the defendant corporation, including the stock dividend due the plaintiff bank, deposited in another bank by defendant Riordan, and also the automobile, " with direction to protect and conserve same, reduce same to cash, and otherwise protect the stockholders' interests, and to properly administer the assets of said corporation under direction of this honorable court, as allowed by law in such cases;" and for other appropriate equitable relief.

There was an answer by the defendants, but no demurrer to the petition. Some of the material allegations of the petition were

denied. The answer averred that there are no debts against the corporation, unless it be for the taxes for 1918, which have not been paid; that all funds received from the assets of the corporation have been properly applied; that the dividends belonging to the First State Bank were not paid earlier, for the reason that Riordan was informed by the attorney representing creditors of the president of the First State Bank that the Dawson Grocery Company had been enjoined from paying any money to that bank, and that the officers of the bank had agreed with Riordan that he should deposit the money in the City Bank until such injunction could be removed, or the matter arranged; and " for further answer defendants say, that there is no occasion for any process of court requiring an accounting between the company and its officers, and any of its members, for the reason that the books have been open to inspection of any of the stockholders during the whole existence of the company, that accountings have been regularly had between defendants and the stockholders annually, to the ·full satisfaction of all stockholders, so far as defendants have ever heard, except in connection with the dividends of the First State Bank. Defendants further say that it would be needless expense to the company for a receiver to be appointed, and that no receiver appointed by the court could manage the affairs of the company more to the interest of the shareholders than they are now being managed."

On the trial plaintiffs and defendants submitted evidence ·tending to sustain their respective contentions. The jury rendered a verdict in favor of the plaintiffs for $950 principal, as the value of the automobile, and interest $88.50, at seven per cent. from February 1, 1918, to date, and for $245.23, as interest on the stock dividend due May 4, 1918; and also that a receiver be appointed to take charge of the remaining assets of the defendant corporation, to wind up its affairs. A decree was entered in accordance with the verdict as to the amounts of the recoveries stated therein, which provided that the principal and interest as to the automobile should be recovered of the defendant Riordan, for the use of the receiver which the court in the decree appointed. Defendants' motion for a new trial was overruled, and they excepted. The grounds of the motion were that the verdict is

contrary to law and the evidence, and without evidence to support it; besides various special grounds.

*W. H. Gurr,* for plaintiffs in error.

*Yeomans & Wilkinson,* contra.

FISH, C. J. (After stating the foregoing facts.) Properly construed, and in its last analysis, the real purpose of the petition is to place the affairs and property of the defendant corporation in the hands of a receiver, for no other reason than that its directors have, without authority, given to the defendant Riordan, an automobile belonging to the corporation, and that he, the regularly appointed liquidating agent, has not fully and fairly performed the duties for which he was employed. There is no pretense that the corporation is not solvent. No reason is alleged or shown why the corporation can not by its stockholders or directors dispose of its remaining assets, and make a proper division among its shareholders. Nor does it appear that the plaintiffs had "made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or it was not reasonable to require it."

One of the instructions to the jury complained of in the motion for new trial is: " If you should find that there are some assets of the Dawson Consolidated Grocery Company that have been undisposed of, money, property, or accounts, which will hereafter be necessary to be distributed, then you should find in favor of a receiver." It is clear that plaintiffs, in view of the facts of the case, were not entitled to a receivership for the defendant corporation. See *Hand* v. *Dexter,* 41 *Ga.* 454; *Empire Hotel Co.* v. *Main,* 98 *Ga.* 176 (25 S. E. 413), and authorities cited.

The petition contains no prayer for a recovery by the plaintiffs against defendant Riordan for the value of the automobile which they claim was given to him by the directors of the corporation without authority, nor is there any prayer that the plaintiff, the First State Bank, recover of either of the defendants the stock dividend due it; but on the contrary there is a prayer that a receiver be appointed to take charge of all the assets of the corporation, "including the $15,400 on deposit in the City National Bank, the Buick automobile in question, the notes and accounts, choses in action, . . with direction to protect and conserve same, reduce same to cash, . . and to properly administer the assets of

said corporation under the direction" of the court. Even if the prayer for an accounting between the defendants and the plaintiffs contemplated that it should be had prior to the appointment of the receiver, no such accounting was made by the jury, nor was there any evidence to authorize it.

It follows that neither of the findings of the jury in favor of the plaintiffs was authorized by the pleadings and the evidence.

*Judgment reversed. All the Justices concur.*