### 19807. MORRISON *v.* WESTBROOK, executor.

STEPHENS, J. 1. The burden is upon the defendant to sustain a plea of payment or of set-off by a· preponderance of the evidence. Where, in support of either plea, the defendant undertakes to show that he has delivered to the plaintiff a sufficiency of personal property to pay the indebtedness sued on, or to create an indebtedness by the plaintiff to the defendant for the property thus delivered, the evidence must authorize an inference not only as to the quantity and value of the property delivered, but that the property was either accepted by the plaintiff as payment on the indebtedness sued on, or that the plaintiff is indebted to the defendant for the property which the defendant has delivered to the plaintiff. Where, in such a case, the property delivered by the defendant to the plaintiff consisted of a number of bales of cotton, and there was no evidence to authorize the inference that the plaintiff accepted this cotton in payment of the indebtedness sued on, and although the evidence may have been sufficient to authorize a jury to arrive at the value of the cotton, yet, where it appeared from the evidence that the cotton was delivered to the plaintiff periodically, throughout a number of years, during a part of which the defendant was a tenant of the plaintiff, and that, during this time, purchases chargeable to the defendant had been made at the plaintiff's store, and there was no evidence as to the amount of indebtedness incurred by the defendant for these purchases, and it did not appear that· they had been paid for otherwise than out of the cotton delivered by the defendant to the plaintiff, although it may be inferable from the evidence that the cotton delivered to the plaintiff was of a value more than sufficient to discharge the indebtedness sued on, it could not be inferred from the evidence that this excess in the value of the cotton over the

indebtedness sued on was sufficient to discharge the indebtedness for the supplies which it could be reasonably inferred the defendant had obtained from the plaintiff during the period of the tenancy. The evidence was insufficient to support the defendant's plea of payment or plea of set-off.

2. Where the indebtedness sued on was evidenced by six promissory notes aggregating in principal approximately $823.93, besides interest for a number of years, making a total indebtedness of $1134.14, and where, as respects four of the notes, aggregating in principal $600, besides interest from date, executed August 24, 1914, it had been agreed between the plaintiff and the defendant that these notes should be paid by cotton delivered by the defendant to the plaintiff, and where it appeared from uncontradicted evidence that the defendant had, periodically, during a series of years from 1917 to 1920, delivered to the plaintiff at least twenty-two bales of cotton, which, at 25 cents per pound, the minimum price of cotton prevailing during the seasons when deliveries were made, and at a minimum weight per bale, i. e. 450 pounds, aggregated in value over $2500, the evidence demanded the inference that the cotton which was delivered to the plaintiff was, by contract between him and the defendant, applied to the payment of the four notes referred to, and that the value of the cotton so applied was of a value sufficient to discharge the principal and interest due on these notes. The court properly directed a verdict for the defendant as respects the four notes aggregating $600 and interest from August 24, 1914.

3. Since it does not appear from the evidence that any of the cotton was by agreement between the parties delivered by the defendant and accepted by the plaintiff as payment upon the first-mentioned two notes sued on, dated December 7, 1909, and aggregating $223.93 principal and interest from date, and since it further appeared from the evidence that the defendant, after the execution of these notes, was the plaintiff's tenant and had become indebted to the plaintiff for supplies furnished from the plaintiff's store, and it not appearing that these supplies had been paid for otherwise than by the cotton which the defendant had delivered to the plaintiff, and the evidence not authorizing an inference that the surplus value of the cotton over and above that which was sufficient to discharge the four notes mentioned in paragraph 2 above with interest, viz. a surplus of about $600, was more than sufficient to discharge any indebtedness which the defendant might have owed the plaintiff for supplies, and there being no evidence as to this indebtedness, the evidence was insufficient to authorize an inference that any of the cotton delivered to the plaintiff was properly applied toward the discharge of the indebtedness represented in the first two notes · referred to. The evidence therefore demanded a verdict for the plaintiff as respects these two notes; but since it appears without dispute from the credits made thereon that the indebtedness on these notes was in the sum of $165.58, principal, $126.40 interest to the date of the verdict, and $29.20 attorney's fees, the verdict, in so far as it found for the plaintiff in the sum of $223.93 principal, $154.50 interest, and $37.74 attorney's fees, was unauthorized by the evidence and excessive by $58.25 principal, $28.10 interest, and $8.54 attorney's fees.

4. The judgment overruling the defendant's motion for a new trial is therefore affirmed on condition that the plaintiff, on or before the date when the judgment of this court is made the judgment of the trial court, shall write off from the verdict the excessive amounts indicated. On failure so to do, the judgment will be reversed.

*Judgment affirmed on condition. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1930.

*William E. & W. Gordon Mann,* for plaintiff in error.
*Maddox, Sapp & Maddox, Mitchell & Mitchell,* contra.