SHERLING *et al.* v. CONTINENTAL TRUST CO., executor, *et al.*

674

No. 8654.   SEPTEMBER 14, 1932.   REHEARING DENIED SEPTEMBER 23, 1932.

*Ryals, Anderson & Anderson,* for plaintiffs.

*Jones, Jones, Johnston & Russell, Harris, Harris & Popper,* and *Jackson & Jackson,* for defendant.

BECK, P. J.   Mrs. Eliza Sherling and her children, as joint plaintiffs, brought their suit against Continental Trust Company as executor of the last will and testament of Dominick Burns, seeking specific performance of an agreement alleged to have been made with Mrs. Sherling by Burns, during the latter's lifetime, to leave one half of all the property that he might leave at his death to Mrs. Sherling and her children.   It was alleged in the petition that

shortly prior to November 2, 1897, Mrs. Bridget Gray, having been previously married to three different husbands, to wit, Patrick Burns, H. Clay Holst, and T. A. Gray, respectively, died leaving surviving her the following children, to wit: Dominick Burns, Mrs. Mary Burns Cunningham, and Mrs. Bridget Burns Stewart, the children of Patrick Burns; H. Clay Holst, the son and only child of H. Clay Holst Sr.; and Mrs. Delia Gray Beall and Mrs. Eliza H. Sherling, the only children of T. A. Gray; and that during the course of her three covertures she had accumulated a considerable estate consisting principally of lots and parcels of land with improvements thereon, located partly in Houston County, where she had lived the greater part of her married life, and partly in Bibb County, where she was living at the time of her death, the titles to which she had taken, in most instances, in her own name, or in the name of her then husband as guardian or trustee for one or more of her said children; that at the time of the death of Mrs. Bridget Gray the greater and more valuable part of the property stood in the name of her two daughters by her last marriage, Mrs. Delia Gray Beall and Mrs. Eliza H. Sherling; that on November 2, 1897, shortly after the death of Mrs. Bridget Gray, Dominick Burns, who was then a resident of Fort Valley, Georgia, came to the home of Mrs. Eliza Sherling at Macon, and informed her that there was a great deal of dissatisfaction in the family on account of the advantage that had been given to petitioner, Mrs. Eliza Sherl'ng, and her sister, Mrs. Delia Gray Beall, in the division of the estate of their mother, which had been made by her during her lifetime, and that to keep peace in the family it would be necessary for all of the children of Mrs. Bridget Gray to surrender the various properties they had acquired from their mother, in whatever manner, and make a new and equal division thereof among themselves; that Dominick Burns then and there contracted with Mrs. Eliza Sherling that if she and her whole sister, Mrs. Delia Gray Beall, would agree to make such a new division of the property, he would give to Mrs. Eliza Sherling and her children one half of all the property that he might leave at his death, and to Mrs. Delia Gray Beall and her children the other half; that Mrs. Sherling thereupon, in consideration of the promise so made by her brother, and relying upon the same solely and implicitly, consented to participate in the redivison, and did, by deeds then and there executed by her, jointly with all of

the other children of Mrs. Bridget Gray, divest herself of the titles to said property, of which she had been theretofore seized and possessed in fee simple, and vest the same in her brothers and sisters, excepting only those portions thereof which were assigned to Mrs. Sherling in said division; that Mrs. Delia Gray Beall did likewise; and that subsequently, in the year 1927, Dominick Burns died testate, seized and possessed of a large and valuable estate, consisting of both real and personal property, an itemized statement of which was attached to the petition, without having in any way fulfilled his contract with Mrs. Sherling. The petition prayed for specific performance of the contract, and that, if for any reason it should be found impossible or impracticable to require specific performance of the contract, such damages be awarded as might seem reasonable and just, on account of the breach of the same.

The defendant demurred on the ground that it appeared from the petition that Mrs. Delia Gray Beall and her children were joint beneficiaries of the contract sought to be set up, and they were not joined as parties plaintiff. The plaintiffs thereupon amended their petition and alleged that Mrs. Delia Gray Beall was dead and her estate was unrepresented, and that she left surviving two children, Holst Beall, a son, and Theresa Beall (now Sister Miriam), a daughter, and that Holst Beall was the beneficiary of a legacy, under the will of Dominick Burns, which was not less in value than his proportionate share of the estate of said Dominick Burns, under the contract sought to be enforced, and that he was claiming no rights under said contract, and refused to join with the plaintiffs in the petition; and that Theresa Beall had taken the veil as a nun in the Convent of Mercy at Charleston, S. C., and had renounced all benefits in secular and material affairs and was claiming no rights under the contract, and refused to join with plaintiffs in the petition. The defendant insisted upon its demurrer to the petition as so amended. The court sustained the demurrer and ordered that the petition be dismissed for want of parties, unless parties were made within ninety days. The plaintiffs excepted pendente lite to that ruling, and within the time limit fixed in the order filed their motion for a scire facias to make Holst Beall and Theresa Beall parties to the petition. The scire facias was granted, and those two were subsequently made parties by legal order.

It appears from the evidence that Dominick Burns left an estate

which had been appraised, by appraisers appointed at the instance of the executor, at something over $34,000; and from the will it appears that he left to his sister, Mrs. Eliza H. Sherling, a half interest in a lot known as the pine thicket lot located on the edge of Fort Valley, which was unimproved and was estimated by witnesses as being worth approximately $1500. E. L. Sherling, the husband of Eliza Sherling, testified that he was present at the time of the redivision of the property of Bridget Gray, and heard the agreement that was made between Dominick Burns and Mrs. Eliza Sherling; that an agreement was made substantially as set up in the petition, except that Burns procured all of the information with reference to the various properties which had been acquired by the several children of Mrs. Bridget Gray from her, and furnished the information to the scrivener who drew the deeds for the redivision of the property, himself giving direction as to what property should be included in the division and how it was to be divided.

The jury returned a verdict for the defendant. The plaintiffs filed a motion for a new trial, which was overruled, and they excepted.

■ The ruling made in the first headnote needs no elaboration.

■ In the first special ground of the motion for a new trial (and we hereinafter refer to the amendment to the motion, because it contains the controlling questions in the case) error is assigned upon a refusal by the court to rule out certain testimony of E. L. Sherling, elicited upon cross-examination. The part of this testimony which counsel for plaintiffs in error specially insist was objectionable was that by which it was sought to show that Mrs. Sherling had brought no suit against the Holst estate to recover any of the property left by Mr. Holst. This evidence was irrelevant, and for that and other reasons the court erred in overruling the motion to exclude it.

■ The rulings made in headnotes 3 to 15, inclusive, require no elaboration.

■ The 19th ground of the motion for new trial is as follows: "Because, after having charged the jury, by requests of movants' counsel, as follows: 'On the contentions of the plaintiffs, I charge you that in order to enforce the performance of a contract of this character I have just narrated to you, as contended for by the plaintiffs, it should be made to appear that the party seeking to enforce

has performed that part of the contract which imposed obligations upon him or her, but not necessarily that another person who might have been entitled to certain rights under it, but who is not assert-ing such rights, has performed all of the obligations that might have been required of him or her if he or she had asked for its enforcement,' the court charged the jury further, in that connection, as follows: 'That is a correct principle of law, provided you do not find this was a joint contract entered into by both Mrs. Sherling and Mrs. Beall and they did everything they undertook to do. If the contract was joint, if there was such a contract, and the contract of Mr. Burns was that I will leave to you and your children the remainder of my property, provided both of you throw back in the pot everything you got from the Gray estate, then if it was done and unless both complied with their joint obligations, there could be no recovery. If, on the other hand, the real contract between the parties was that Burns agreed with Mrs. Sherling, if you sign this agreement and put back your property in the common pot I will give you one half of my property, and on the other hand agreed with Mrs. Beall, if you will perform your part of the contract and put back what you got out of the Gray estate, I will give you one-half of my property, if it was several, if the promise was to each of them, then if Mrs. Sherling performed her part of the contract she would get her part of what she agreed to receive. If it was joint, unless both complied there could be no recovery by either. . . Now, on the contention of the defendant that the contract was not fully performed by Mrs. Sherling and Mrs. Beall, I charge you this: Before any obligation arose on the part of Dominick Burns under the alleged contract, Mrs. Sherling and Mrs. Beall must have fully performed all of the obligations placed upon them under the alleged contract, and the plaintiff has no right to recover unless she has proved to you beyond a reasonable doubt that she and Mrs. Beall have fully performed as alleged in the petition of the plaintiffs; unless you find that the real contract between the parties was not a joint contract; if it was a several contract in which Dominick Burns promised Mrs. Sherling, an obligation rests upon him to give her one half of his property at his death, provided she did a certain thing, which the plaintiff claims she did, if she complied, she would be entitled to require Burns to comply with his part of the contract.'

"Movant contends that the court erred in charging the jury as con-

tained in the extracts from its charge last above quoted: (a) Because there was no evidence upon which to base such a charge, the only evidence as to the terms of the contract being contained in the testimony of E. L. Sherling, who testified, on direct examination, as follows: 'Mr. Beall objected seriously to Mrs. Beall signing the papers, and Mrs. Sherling says, "Dominick, I have got this property, it is mine, and I have four children to raise and educate," and she says, "I don't think that I would be doing myself and children justice to sign these papers and give this property of mine away," and he says, "I don't want you to worry at all." He says, "I have lived in Fort Valley all of my life, and I expect to live and die in Fort Valley, and I will go there and build up and do all I can to increase this property, and at my death I will so arrange my papers at my death and I will divide this property equally, all property I have equally between you and your children and Delia [Mrs. Beall] and her children." And on cross-examination as follows: 'He says, "Eliza, if you and Delia will sign these papers, I have lived in Fort Valley all my life and expect to continue to live there and die in Fort Valley and never to marry, and expect to do all I can to improve and build up this property and will so arrange my papers at my death, and I will divide this property equally between you and your children and Delia and her children, that I don't want the family to live like my mother and her sisters have lived over a little piece of property."' (b) And because it appeared from the evidence that the only consideration of the contract by Mr. Burns to leave one half of his property at his death to Mrs. Sherling and her children, and the other half to Mrs. Beall and her children, as disclosed by the evidence, was that Mrs. Sherling and Mrs. Beall should sign the papers (or deeds) which had been prepared for their signatures at the instance of Mr. Burns; and the evidence is undisputed that both Mrs. Sherling and Mrs. Beall did sign said deeds; movants contend that, in the extracts from its charge, herein objected to, the court submitted to the jury, for decision, issues of fact, and suggested difficulties in the way of a recovery by the plaintiffs, which did not exist. (c) And because, as a matter of law, the contract, as disclosed by the evidence, was a several contract in favor of Mrs. Sherling and her children, as to one half of Burns' property, at his death; and it was error for the court to submit to the jury, for their decision as a question of fact,

a matter which should have been determined by the court as a question of law. (d) And because one of the prayers of plaintiffs' petition was that if, for any reason, it should be decided that specific performance of the contract set up in said petition could not be required, plaintiffs might be allowed to recover of the defendants any and all damages that the jury might find that they had suffered because of the breach of said contract; and movants contend that if the performance of said contract had been rendered impossible, because of any failure on the part of Mrs. Beall to carry out her part of the same, and without fault on the part of Mrs. Sherling, it would have been inequitable and unjust to allow the estate of Dominick Burns to retain its share of the fruits of said contract and to deprive plaintiffs of the advantages given up under said contract by Mrs. Sherling, without requiring the estate of Dominick Burns to account to plaintiffs, or to Mrs. Sherling, for the damage so suffered by her; and the court, in the extracts from its charge aforesaid, wholly ignored that feature of plaintiffs' petition and left the jury no alternative to find any damages in favor of plaintiffs, in the event they should find under the charge of the court that they could not enforce specific performance of the contract set up."

Without analyzing the entire charge and taking up the several propositions contained in the instructions to the jury, we content ourselves with pointing out what seems to be serious and hurtful error. In a part of the excerpt from the charge quoted the court instructed the jury that, "Before any obligation arose on the part of Dominick Burns under the alleged contract, Mrs. Sherling and Mrs. Beall must have fully performed all of the obligations placed upon them under the alleged contract, and the plaintiff has no right to recover unless she has proved to you beyond a reasonable doubt that she and Mrs. Beall have fully performed as alleged in the petition of the plaintiffs; unless you find that the real contract between the parties was not a joint contract; if it was a several contract in which Dominick Burns promised Mrs. Sherling, an obligation rests upon him to give her one half of his property at his death, provided she did a certain thing, which the plaintiff claims she did, if she complied, she would be entitled to require Burns to comply with his part of the contract." The right view to take of this contract and engagement in which Burns entered is, even if he intended when he made his proposition that both Mrs. Sherling

and Mrs. Beall should deed their property into one common estate or lot before he would be bound to leave them his property, nevertheless, if he said to Mrs. Sherling and Mrs. Beall, if they would sign certain papers, "I will divide my property equally between Mrs. Sherling and her children and Delia [Mrs. Beall] and her children," and Mrs. Sherling actually signed the papers and made all of her property property of the common estate—gave up her individual right to it, and the deeds thus executed by her were accepted and acted upon, and the property, by virtue of these deeds, became a part of the general estate; that is, if, as counsel say in their brief, she "poured it back into the pot," and they let her pour it back into the pot, and took under her deeds, and Dominick Burns knew that Mrs. Sherling's property was made a part of the common estate, knew that Mrs. Sherling fully met his proposition to her, his executors can not now say that it was such a joint contract that Mrs. Sherling, one of the two to whom the proposition was made, can not recover the part of Dominick Burns' estate which was promised to her as a consideration for her conveyances. If, when Mrs. Sherling signed the conveyances of her property back to the common estate, Burns had said, "No, these deeds can not be accepted and acted upon until Mrs. Beall also complies, for it is a joint contract," and had refused to accept the conveyances, it might be that Mrs. Sherling could not insist that they should be accepted and should be treated as performance of the contract. But it was otherwise when those conveyances by Mrs. Sherling were delivered and accepted and became effectual; for when that was done, she was entitled to the part of the estate which Burns promised her; and if she can prove the contract as alleged and performance upon her part and acceptance by Dominick Burns and the other beneficiaries of those deeds, she will be entitled to recover. This is the crux of this case, and the jury should have been instructed in accordance with what we have said above.

As this case is remanded for another trial, no opinion is expressed as to the weight of the evidence.

*Judgment reversed. All the Justices concur, except*

RUSSELL, C. J., dissenting. I agree, of course, to the ruling in the first headnote, but I dissent from the rulings of the majority of the court as set forth in headnotes 2 to 15, inclusive. In my opinion, the learned trial judge did not err in any of his rulings

as to the admissibility of testimony. In the consideration of this case, the first issue of fact which presents itself is whether the testator had made, in favor of the plaintiff, the parol agreement which is set forth in the petition. The respective rights of the parties, in the ultimate analysis of the matter, depend entirely upon whether Burns made the agreement to devise by will to Mrs. Sherling and her children, or to Mrs. Beall and her children and to Mrs. Sherling and her children jointly, any property of which he might be seized and possessed at the time of his death. The plaintiff asserted the existence of the contract. It was the right of the opposite party, in the circumstances of this case as they appear in the statement of facts, to summon any fact or circumstance which might tend to demonstrate the unreasonableness, and thereby the falsity, of the plaintiff's claim. To this end it was allowable, as held by the trial judge, to show the character of the alleged donor, his pecularities, if any, manner of living, and the care and prudence, or the contrary, with which he conducted his business. To allow one party in a cause to claim rights to valuable property under a conversation in parol several years old, when it would have been but little trouble to have the agreement witnessed and reduced to writing, and yet deny the representative of the opposite party whose lips death had closed the right to show, if he could, that the alleged agreement was unreasonable or unnatural, does not seem to me to be a fair administration of the rules of circumstantial evidence. That the character of a party for fair dealings and observation of his obligations may be shown has been lately held by this court in *Wimberly* v. *Toney*, 175 *Ga.* 416 (165 S. E. 257). If time permitted and a recital of other decisions would be profitable in argument, numerous decisions of this court could be cited to sustain the ruling of the trial judge as to the admissibility of any pertinent circumstance which might reasonably satisfy the jury of the improbability of the plaintiff's claim. For myself I express no opinion, and no judge should, as to the value of the evidence offered in behalf of either party, for this is a question for the jury; but it is an inherent right of every litigant to adduce in evidence such facts as are relevant in determining the probability or improbability of the contention of either party.

The excerpt from the charge of the court upon which the majority base the reversal of the judgment of the lower court in refusing a

new trial, when considered alone, may appear to be erroneous. But when this excerpt is considered in connection with the entire instructions of the court covering all the material features of the case, this extracted excerpt from the instructions could not have so affected the result as to work injustice, or have so confused the jury as to have required the grant of a new trial. As said by Mr. Chief Justice Bleckley in *Brown* v. *Matthews, 79 Ga.* 1 (4 S. E. 13) : "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although, when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are united. United they stand, divided they fall."