29071. FOSTER, executor, *v.* MASON.

DECIDED NOVEMBER 28, 1941. REHEARING DENIED DECEMBER 10, 1941.

*W. F. Manley, A. G. Foster, Miles W. Lewis,* for plaintiff.

*Noel P. Park, W. H. Agnor,* for defendant.

FELTON, J. Albert G. Foster, as executor of the estates of F. C. Foster and of Mrs. Julia F. Foster, sued C. R. Mason to recover the value of certain timber which it was alleged was cut off the lands of said estates by wilful trespassers and sold to Mason. Among other things the defendant set forth a plea of accord and satisfaction, as follows: "As a compromise or mutual accord and satisfaction of the claim petitioner now seeks to enforce, defendant on the 12th day of February, 1938, paid to petitioner in cash fifty-two and 66/100 dollars, although defendant then and there denied to him any liability whatsoever, and the said sum was then and there accepted by petitioner expressly as a final release and settlement of any and all demands against defendant. Petitioner, when he accepted said amount, definitely agreed with defendant he would never bring suit on this claim, otherwise the defendant would not have made said payment." The judge submitted to the jury the question as to whether the foregoing plea had been sustained, and also whether the plaintiff had made out a case. The jury found in favor of the defendant and the plaintiff excepted to the overruling of his motion for new trial.

In its decision in this case when it was before this court the first time, *Mason* v. *Foster,* 62 *Ga. App.* 107 (8 S. E. 2d, 180), this court held that under the evidence on the first trial there was but one issue to be submitted to the jury, that of accord and satisfaction. The evidence on the trial under review demanded a finding for the plaintiff for the value of the timber received by the defendant on a stumpage basis, or $4 per thousand feet, unless the jury found in favor of the defendant's plea of accord and satisfaction, and it was error for the court to submit to the jury the question whether the plaintiff would be entitled to recover even if it rejected the plea of accord and satisfaction.

The court having charged the jury that if, after a consideration of all the evidence, including the evidence for the plaintiff and the defendant, the jury came to the conclusion that the plaintiff was entitled to recover, and that if the plaintiff had proved his case by a preponderance of the evidence he was entitled to a ver-

dict, it was error for the court to specifically instruct the jury that if they believed from a preponderance of the evidence that there was not a settlement as set out and contended for by the plaintiff and that if the plaintiff had carried the burden of proof by a preponderance of the evidence the jury should bring in a verdict for the plaintiff. This is true notwithstanding the court had specifically instructed the jury that the burden rested on the defendant to establish a settlement by a preponderance of evidence.

There is no merit in the other assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., concurs.*

Sutton, J., dissenting. The plaintiff sued the defendant for $537.92, which he alleged was due for 72,193 feet, board measure, pine timber. It was alleged that Olin Higgins and Wash Simpson had cut the timber from lands in the possession of the plaintiff, and that they had sold and delivered the timber to the defendant, without the knowledge and consent of the plaintiff, and that the defendant had paid them the sum of $537.92 therefor. The defendant filed a plea and answer in which he denied the allegations of the petition and set up an accord and satisfaction, as stated in the majority opinion. Under the pleadings and the evidence the burden was on the plaintiff to make out his case in the first instance by a preponderance of the evidence, and the court did not err in so charging the jury. The court then made it very plain in his charge to the jury that the burden was on the defendant to sustain his defense of accord and satisfaction by a preponderance of the evidence before the jury would be authorized to find in his favor. The ruling of the majority of this court in division No. 1 of the opinion is to the effect that the court erred in not directing a verdict for the plaintiff on all issues in the case, except on the defendant's plea of accord and satisfaction. It is well-settled law that it is never error to refuse to direct a verdict; and I am of the opinion that the division of the opinion just mentioned is incorrect.

The portion of the charge dealt with in division No. 2 of the majority opinion was not error in my opinion. The court had fully and fairly charged the jury, and had told them more than once that the burden was on the defendant to sustain his plea of accord and satisfaction by a preponderance of the evidence before

they would be authorized to find in his favor. Then, after they had retired to consider their verdict, they returned to the court-room and the following took place: The foreman: "May I ask you this question? Is there only two verdicts that we can find in this case, either we find for the defendant or the plaintiff?" The court: "That is right. You have got to find a verdict for the full amount of the suit by the executor, plus interest at the rate of 7 per cent. per annum, predicated upon $8 per thousand, which is the amount in the petition; or you find for the defendant. Those are the only two verdicts you can find; either find for the defendant or plaintiff as set out. As I have already charged you, gentlemen of the jury, if there was a bona fide settlement of this case, under the law given you in charge by the court, for $52.66, if you believe that by a preponderance of the evidence, then your verdict would be for the defendant. On the other hand, gentle-men of the jury, if you believe by a preponderance of the evidence that there was not a settlement as set out and as contended for by the defendant, then your verdict, if you believe the plaintiff has carried the burden of proof by a preponderance of the evidence, then you should bring in a verdict for the plaintiff in the full amount sued for. These are the only two issues in this case." I do not think it could reasonably be said that this additional charge was harmful to the plaintiff for the reasons assigned, to wit: "Movant contends that this charge was error, because first, there was another issue in the case, as to the market value of the timber involved; and second, because the court instructed the jury that if they believed there was not a settlement in the case, and that the plaintiff had carried the burden of proof by a preponderance of the evidence, then they should bring in a verdict for the plaintiff, the law being that the burden of proof rested upon the defendant to show by a preponderance of evidence that there had been a settle-ment, and this charge delivered at the conclusion of the instruc-tions to the jury, and after they had asked to be recharged, con-tradicted the former charge of the court that the burden of proof as to an accord and satisfaction rested upon the defendant." In my opinion, the plaintiff in error fails to show any reversible error. Therefore I dissent from the judgment of reversal.