AULD, administratrix, *v.* SCHMELZ.

BELL, Chief Justice. 1. If the pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside. But a judgment will not be arrested or set aside for any defect in the pleading or record that is aided by verdict, or amendable as matter of form. Code, §§ 110-702, 110-704, 110-705; *Worthy* v. *Farmers Life Confederation,* 139 *Ga.* 81 (76 S. E. 856).

2. The prayers contained in the defendant's answer and amendments. considered with the plaintiff's petition, were sufficient as a matter of pleading to support the money verdict in favor of the defendant against the plaintiff, since, if they were defective, the defects were amendable and were cured by the verdict. *Fitzpatrick* v. *Paulding,* 131 *Ga.* 693 (63 S. E. 213); *Wilson* v. *Groover,* 146 *Ga.* 369 (91 S. E. 113); *Haynes* v. *Armour Fertilizer Works,* 146 *Ga.* 832 (92 S. E. 648); *Mell* v. *Mc-Nulty,* 185 *Ga.* 343 (195 S. E. 181); *Rollins* v. *Personal Finance Co.,* 49 *Ga. App.* 365 (175 S. E. 609).

(a) The present case differs on its facts from *Schmitt* v. *Schneider,* 109 *Ga.* 628, 632 (25 S. E. 145), in which no verdict was rendered, the petition having been dismissed on general demurrer. It is also materially different from *Evans* v. *Thompson,* 143 *Ga.* 61 (84 S. E. 128), and *Riordan* v. *Baldwin,* 150 *Ga.* 540 (104 S. E. 204), in neither of which was the absence of a prayer the only defect; nor was the judgment attacked, as here, by a petition amounting, as to this phase, to a mere motion in arrest.

3. Nor did such petition or motion of the administratrix show sufficient cause for opening the judgment for the purpose of allowing her to plead insufficient assets, since the petition, which she prayed to have "entered as her plea of plene administravit," did not allege any facts to show that, aside from the building, she did not have in her control sufficient assets to satisfy the verdict and judgment against her. See. in this connection, the Code, §§ 113-2108, 113-2110; *Parker* v. *Dowdy*, 58 *Ga.* 440; *Lanier* v. *Huguley*, 91 *Ga.* 791 (18 S. E. 39).

(a) In this view, it is unnecessary to determine whether, if the petition had alleged an actual want of assets, it at the same time alleged sufficient cause in equity for reopening the judgment in order to allow such belated defense, whether in the exercise of discretion. or otherwise. See, in this connection, *Walton* v. *Jones*, 53 *Ga.* 91; *Gause* v. *Walker*, 55 *Ga.* 129; *Whiddon* v. *Williams*, 98 *Ga.* 310 (24 S. E. 437).

4. The remaining prayers of the petition related to matters with respect to which the plaintiff would have no right as against the defendant, unless the judgment in his favor should be either arrested or reopened as prayed.

5. Under the preceding rulings, the judge did not err in dismissing on general demurrer the petition of the administratrix.

*Judgment affirmed. Jenkins, P. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*

No. 15140. JULY 3, 1945. REHEARING DENIED JULY 23, 1945.

*Sam G. Dettelbach,* for plaintiff.
*Mitchell & Mitchell,* for defendant.