## 32820. PAN-AMERICAN WALL PAPER AND PAINT COMPANY v. TUDOR.

DECIDED APRIL 14, 1950.

*Eugene M. Kerr,* for plaintiff.

*Richard L. Chambers III,* for defendant.

WORRILL, J. In this case there were nine special grounds, numbered 4 to 12 inclusive, added to the general grounds of the motion for new trial, but grounds 4, 5, 7, 9 and 12 have been specifically abandoned.

Ground 6 of the amended motion for new trial complains that the poll of the jury should have been taken before the verdict was read, because after the same has been published in court and the entire court has heard the verdict, a juror must necessarily agree with the verdict in order to save himself embarrassment or some other form of public disgrace; and further contends that once a verdict is read to the court, that such an act is sufficient to influence the juror to favor the verdict when

originally he may not have been in favor of the same. These contentions are without merit. While it is true that the polling of a jury in a civil case is purely discretionary, it is a right of the losing party, and the proper time to poll a jury is after the verdict has been read. "In civil cases it is discretionary with the trial court whether the losing party shall be permitted to poll the jury." *Ludwig* v. *J. J. Newberry Co.*, 78 *Ga. App.* 871 (1c) (52 S. E. 2d, 485). The jurors are under oath, pending the entire proceeding of a trial, including the publication of their verdict. Code § 59-706. It is obvious that the law presumes truthfulness and not untruthfulness, honesty and not dishonesty, especially so while under oath, and there is no reason to assume that the jurors would not truthfully answer whether polled before or after the reading of the verdict. There is no merit in this ground.

■ Ground 8 of the amended motion complains because the judge allowed counsel for the defendant in error to question a witness as to why the former manager of the company had been discharged. The question propounded by the said counsel was, "Will you state why Mr. Bainbridge is no longer with the company? Do you know?" At that time counsel for the plaintiff objected to the question on the ground that the same was irrelevant, immaterial and prejudicial. The court allowed the witness to answer as follows: "Mr. Bainbridge was formerly the manager of the Pan-American Wall Paper and Paint Company. I know why he was discharged from his employment. There was a bank deposit that was not made. The bank deposit belonged to the company." This witness was the plaintiff's and the question was asked on cross-examination. The plaintiff in error contends that the reason why the former manager was discharged has no bearing whatsoever on whether or not the defendant in error owed the account in question, and that such evidence going to the jury is obviously highly prejudicial, that the Supreme Court of Georgia has held time and time again that the character of a party in a civil case is not admissible when the question of character is not the basis of the suit, and in support of such contention cites decisions in cases of *Sherling* v. *Continental Trust Co.*, 175 *Ga.* 672 (9) (165 S. E. 560), *Edwards* v. *Griner*, 42 *Ga. App.* 282 (4) (155 S. E. 789), and Code § 38-1804. This

was a suit on an open account, wherein a special plea of payment was filed, and there was evidence that all transactions had by the defendant with the plaintiff were with Mr. Bainbridge, and if there were any dishonest acts which caused him to lose his job, which were connected with the company's business, then the defendant was entitled to benefit of evidence of such facts, since such evidence might tend to show that though the defendant had paid the account to Bainbridge, Bainbridge had converted the payment to his own personal use. It is true that the character of a witness can not be attacked in a civil action, except for the purpose of impeachment, but that did not happen here, for no direct attack was made on the character of the witness, as the question was not asked for the purpose of attacking the witness's character, but simply to show that some of the company funds had been misappropriated pending the transactions with the defendant, raising a question for the jury's consideration, as to whether or not the payment on the account had been made, and this is circumstantial evidence of the fact. "Payment may be established by indirect evidence, and without fixing the time, place or mode." *McIntyre v. Meldrim, 63 Ga.* 59 (2). Furthermore, "A party cross-examining the witnesses of his adversary should be allowed the fullest right of thorough and sifting cross-examination; and the feeling or bias of a witness as to the subject-matter of controversy, or as to any party involved in the litigation, is always the legitimate subject-matter of inquiry." *Walker v. Rome, 6 Ga. App.* 59, 61 (64 S. E. 310). "Giving the word 'prejudicial' its broad meaning of tending to injure or impair, and not any restricted meaning such as being blinded by bias, a party is entitled to cross-examine a witness offered by the opposite party on any relevant or material matter, notwithstanding such cross-examination may prove to be prejudicial to the party offering the witness." *Ludwig v. J. J. Newberry Co.,* supra. It is obvious that the question asked was pertinent to a material issue, payment on an account, and admissible for the purpose stated. This ground is without merit.

■ Ground 10 of the amended motion assigns error because the court, in admitting in evidence certain sales slips signed by the defendant, so restricted the jury's consideration of them as to exclude them as evidence that the defendant received the

merchandise listed thereon, and the plaintiff in error contends that the following instruction to the jury relating thereto was erroneous: "I am not admitting them to show he received them. I am letting them in as he stated that it is his signature."

The error complained of in this ground, if any, was harmless. The record shows that there was a total of 21 sales slips, that this ruling applied to only three sales slips out of the total of 21, that 18 of them were admitted in evidence without any restrictions or qualifications whatsoever, and since the jury found that the entire account was not owing, then such error, if any, was necessarily harmless. The court's ruling shows that the judge left it to the jury as to whether the defendant received the merchandise. Furthermore, there was no objection made at the trial by the plaintiff's counsel relative to the judge's ruling on the admissibility of the sales slips. The contentions of the plaintiff in error are not meritorious. The judge did not commit reversible error in his ruling.

■ Ground 11 complains of the charge of the court and contends that the judge committed reversible error because he failed to charge on the burden of proof of payment which burden rested upon the defendant; that the pleadings and evidence show that the defendant pleaded payment, relied upon it as a defense, and introduced that issue into the case; that it was incumbent on the trial judge to charge the jury on all material issues raised by the pleadings in the case; that the judge charged on all the burdens which rested upon the plaintiff but made no reference to the burden of proof on the defendant. In support of this position the plaintiff in error cites these cases: *Pryor* v. *Coggin,* 17 *Ga.* 444 (1) ; *Freeman* v. *Hamilton,* 74 *Ga.* 317; *Lanier* v. *Huguley,* 91 *Ga.* 791 (18 S. E. 39) ; *Garner* v. *Wood,* 188 *Ga.* 463 (4 S. E. 2d, 137) ; *Turner* v. *Warren,* 193 *Ga.* 455 (5) (18 S. E. 2d, 865) ; *Morrison* v. *Westbrook,* 41 *Ga. App.* 201 (152 S. E. 585) ; *Foster* v. *Mason,* 66 *Ga. App.* 222 (17 S. E. 2d, 763).

The contention of the plaintiff in error in this ground of the motion for new trial that the judge committed reversible error in failing to charge on the defendant's burden of proof without specific written request to do so is without merit, because the plaintiff should have requested the additional charge if he desired it. The record shows that upon completion of the charge

"the court then asked if either counsel desired to request any further charge to the jury, with both counsel replying in the negative." "In the absence of timely written request, it is not error to fail to charge as to shifts in the burden of proof." *Dillon* v. *Sills*, 54 *Ga. App.* 299, 302 (5) (187 S. E. 725). Neither party requested any charge pending the proceedings of the trial. "Where a special defense is set up in an answer which denies the entire case of the plaintiff, the burden of proof is still on the plaintiff; and it is not the duty of the court in the absence of a request, to charge the jury as to the burden of proving the special defense." *Segars* v. *Cornelia*, 60 *Ga. App.* 457 (6) (4 S. E. 2d, 60). There are numerous other decisions holding that it is not error to fail to charge on the burden of proof in absence of a timely written request, including charges on the particular shifts in the burden of proof, but it is unnecessary to cite more. The cases cited and relied on by the plaintiff in error in this connection are distinguishable from the case at bar.

■ The general grounds are without merit inasmuch as the evidence was sufficient to support the verdict of the jury finding that the defendant did not owe the account sued on, and such finding was approved by the trial judge.

For the reasons hereinbefore stated the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*