## WYNN vs. THE STATE OF GEORGIA.*

1. The verdict is sustained by the evidence.
2. The showing as to diligence with reference to the alleged newly discovered evidence is not satisfactory.

October 17, 1888.

Newly discovered evidence. Diligence. Before Judge RICHARD H. CLARK. Fulton superior court. March term, 1888.

Reported in the decision.

F. R. WALKER, for plaintiff in error.

C. D. HILL, solicitor-general, for the State.

SIMMONS, Justice.

Wynn was indicted and found guilty of the offence of burglary, and made a motion for a new trial, upon the ground that the verdict was contrary to the evidence, and upon the further ground of newly discovered testimony. The motion was overruled by the court, and the case was brought to this court for review.

1. The court below did not err in overruling the mo-

*BLECKLEY, C. J., did not preside in this case, because of sickness.

tion for a new trial, on both grounds. The evidence shows that the shop was broken into and entered on a Sunday night, and that Wynn was found in possession of the stolen articles on Monday morning, and gave a false account of how he came into his possession of them. There was abundant evidence to sustain the verdict.

2. We do not think that sufficient diligence was shown to authorize the grant of a new trial on the newly discovered testimony set out in the affidavit of the colored woman. She swears that she saw Wynn purchase the rifle from a little boy on Monday morning. If this was true, he ought to have known who was present when he purchased it, and should have had the witness at the trial. It is astonishing to me how quickly new testimony can be discovered after a person has been tried and convicted. This man was tried on the 27th of June, and in a very few days after, the affidavit of the newly discovered witness is made. If he had shown the same diligence before the trial as he did afterwards, he certainly would have discovered this testimony.

Judgment affirmed.