## HARRIS *v.* THE STATE OF GEORGIA.

Unexplained possession in the trunk of the sister of the accused in
    his house, on the morning succeeding the burglary, of meat stolen
    from the burglarized house, together with testimony that tracks
    found leading from the burglarized house directly to his house
    were his tracks, and that he was seen in the neighborhood of the
    burglarized house about the time the burglary must have been
    committed, authorize a verdict that he was the burglar.
    - January 15, 1890.

Burglary. Criminal law. Evidence. Verdict. Be-
fore Judge HARRIS. Meriwether superior court. Feb-
ruary term, 1889.

Reported in the decision.

H. W. HILL, for plaintiff in error.

T. A. ATKINSON, solicitor-general, for the State.

SIMMONS, Justice.

The only question relied on in the argument before
us of this case for the reversal of the judgment of the
court below refusing the motion to grant a new trial,
was that the verdict of guilty was contrary to law and
evidence. We have examined this evidence carefully,
and we think it is sufficient to sustain the finding of
the jury. It is not disputed that the house was broken
into, nor is it disputed that the meat was stolen there-
from. ' Tracks were found leading from the window of
the house which was broken into through the fields di-
rectly to the house of the defendant. Several witnesses
testified that the tracks were the tracks of the de-

fendant. The meat which had been stolen from the prosecutor's house was found in the house occupied by the defendant. It is true that it was found in the trunk of his sister. No attempt at explanation as to how the meat came into her possession was made by the defendant. He did not attempt to account for it in his own statement, nor was she sworn as a witness to account for it. Two witnesses testified that it was the identical meat lost by the prosecutor. It was found in defendant's house the morning after the burglary. The defendant was seen in the neighborhood of the house of the prosecutor about the time the burglary must have been committed. These, and other facts in the record which might be enumerated, were sufficient, in our opinion, to authorize the verdict. The jury having found the defendant guilty, and the trial judge being satisfied with their verdict, we will not interfere with his discretion in refusing a new trial.

*Judgment affirmed.*