## MANGHAM v. THE STATE.

87 549
90 102

87 549
105 650

87 549
116 93

87 549
125 40

1. Recent possession, not satisfactorily explained, of goods stolen from the house at the time the alleged burglary was committed, may be sufficient as a basis of conviction of burglary, where the burglary has been established and the jury believe from all the evidence beyond a reasonable doubt that the accused is the guilty party.

2. On a trial for burglary, it is not error to refuse to receive a verdict of "Guilty of receiving stolen goods," and to direct the jury that they would have to find a verdict of guilty or not guilty.

3. The evidence was sufficient, and there was no error in refusing a new trial.

July 13, 1891.

Criminal law.   Burglary.   Verdict.   Practice.   Before Judge HARRIS.   Troup superior court.   April term, 1890.

Mangham was found guilty of burglary, and his motion for new trial was overruled.   In addition to the grounds that the verdict was contrary to law, evidence, etc., he alleged that the court erred in charging : "Mere naked unexplained possession of stolen goods alone, gentlemen, will not authorize a conviction of burglary, but if the burglary be proven to have been committed, and the goods that were stolen at the time such burglary was committed, if they are found in the recent possession of a party not satisfactorily explained, may be sufficient to convict the party of the burglary, if the jury believe the defendant's guilt to have been established beyond a reasonable doubt."

Also, that the court erred in refusing to charge :

" Unexplained possession of stolen goods does not of itself authorize a conviction, but is a circumstance for the jury to consider."

Also, that the court erred in this : After the jury had been out for some time they returned a verdict of "guilty of receiving stolen goods," and the court stated to them that this was an illegal verdict, and directed that they would have to find a verdict of guilty or not guilty. Defendant alleges that the jury could have returned a verdict of larceny from the house, as the indictment, in addition to burglary, charged him with having actually stolen goods of value from the house of J. T. Perry. The indictment charged defendant and another "with the offence of burglary; for that the said Taylor Mangham and Artemus Mangham on the first day of January, . . into the storehouse of John T. Perry . . feloniously and burglariously did break and enter with the intent then and there to steal, and did wrongfully, fraudulently and privately take, steal and carry away one pistol, one pocket-knife and several bills of Confederate money of the personal goods of the said John T. Perry in said storehouse then and there being," etc.

H. E. WARE, D. J. GAFFNEY and T. H. WHITAKER, by brief, for plaintiff in error.

T. A. ATKINSON, solicitor-general, by brief, contra.

BLECKLEY, Chief Justice.

1. The grounds on which the motion for a new trial were rested appear in the reporter's statement. The substance of that part of the charge of the court complained of is, that recent possession of the stolen goods not satisfactorily explained, may be sufficient to convict of burglary, if the burglary is otherwise proved and the jury believe from all the evidence, beyond a reasonable doubt, that the accused is the guilty party. As the

court distinctly stated in connection with this proposition that mere "naked unexplained possession of stolen goods alone will not authorize a conviction of burglary," the request to charge that " unexplained possession of stolen goods does not of itself authorize a conviction, but is a circumstance for the jury to consider," was virtually complied with. The truth is that what would or ought to be the effect of unexplained possession standing alone, is a question in the nature of an empty abstraction ; for in practice the fact of possession is usually connected with other facts throwing more or less light on the general question of the prisoner's guilt or innocence. In one case the possession may count for much more than in another. Speaking generally, if it is recent and unexplained or falsely explained, the jury may treat it as sufficient to identify the guilty party. But to do this, they must be convinced from other evidence that a burglary has been committed, and the whole evidence taken together must leave no reasonable doubt upon their minds that the person on trial was the burglar, or one of the burglars if the offence was committed by several. As we construe the charge given in this case, it was in harmony with this view. It left to the jury the valuation of the fact of possession in the particular case and in its true relation to the evidence as a whole. The same legal thought may be expressed in many shades and variations of language, and we think what the court said in this instance is not in conflict with the meaning, properly understood, of any previous decision of this court. *Falvey v. State,* 85 *Ga.* 157 ; *Harris v. State,* 84 *Ga.* 269 ; *Wynn v. State,* 81 *Ga.* 744 ; *Grimes v. State,* 77 *Ga.* 762 ; *Davis v. State,* 76 *Ga.* 16 ; *Harrison v. State,* 74 *Ga.* 802 ; *Lundy v. State,* 71 *Ga.* 360 ; *McGruder v. State, Id.* 864 ; *Bryan v. State,* 62 *Ga.* 179 ; *Phillips v. State,* 56 *Ga.* 28 ; *Wilson v. State,* 55 *Ga.* 324.

2. It is not contended that a verdict of guilty of receiving stolen goods was a finding upon any issue involved in the indictment, but the motion for a new trial suggests that, as the indictment charged larceny from the house as well as burglary, the direction of the court to find a verdict of guilty or not guilty was improper. It does not appear, however, that the attention of the court was called to the double aspect of the indictment, or that an appropriate charge with respect to each of the offences it alleged had not been given. The brief of counsel says, a question possibly arises whether bringing in a verdict of guilty of receiving stolen goods was not an acquittal of the charge of burglary, and *Jordan* v. *The State*, 22 *Ga.* 558, is cited. But in that case the verdict found voluntary manslaughter on an indictment for murder; the offence found was covered by the indictment, and the verdict was received. Here, on the contrary, the offence which the jury attempted to find in the first instance was not covered by the indictment, and the improper finding was rejected by the court as unwarranted by law. There is thus nothing analogous in the two cases.

3. The statement of the accused, as it comes to us in the record, though probably false in some respects and not a full disclosure of the whole truth, makes on our minds a strong impression that this man, even if guilty of some offence, may not be guilty of burglary. But the jury did not credit his statement, and they are made by law the exclusive judges of its credibility. Besides, it is altogether probable on general principles that their estimate of it is much more reliable than our own. With the statement discredited, there was evidence to warrant the verdict, and the court did not err in refusing a new trial.          *Judgment affirmed.*