SAVANNAH, FLORIDA & WESTERN RY. CO. *v.* EVANS.

1. In the trial of an action in a court of this State, for a negligent tort alleged to have been committed in another State, it is error for the court to tell the jury what facts do or do not constitute negligence, unless it appears from the evidence that there is a statute of the State in which the tort was committed, or a valid municipal ordinance if the act complained of was done in a town or city, which in terms or in effect declares the act referred to to be negligence.
2. In the trial of such a case a charge of the character above indicated would be objectionable although it may have been a literal extract from a decision by the court of last resort in the State in which the cause of action originated.
3. Several assignments of error in the present case refer to matters which probably will not occur on another trial; and if any errors, other than those above referred to, were committed, they will doubtless not be repeated when the case comes on for a second trial.

Submitted March 1,— Decided April 25, 1902.

Action for damages. Before Judge Norwood. City court of Savannah. April 10, 1901.

*Chisholm & Clay, W. G. Charlton,* and *Shelby Myrick,* for plaintiff in error. *Twiggs & Oliver,* contra.

COBB, J. The plaintiff brought suit against the Railway Company, in the city court of Savannah, for damages alleged to have resulted from the homicide of her husband. The petition alleged that the homicide occurred in the State of Florida, and was occasioned by the negligence of the servants and agents of the defendant. The trial resulted in a verdict in favor of the plaintiff, and the defendant complains that the court erred in refusing to grant her a new trial.

1. Error is assigned upon the following extracts from the charge of the court: (1) "*It has been adjudged by the Supreme Court of*

*Florida to be gross negligence* on the part of a railroad company to back a train without a brakeman at the rear, and across the main thoroughfare of a village, when there is no flagman at the crossing, even when the train is moving a little faster than a person walks." (2) "You are instructed that while it was the duty of the plaintiff's husband, while upon, around, or crossing the railroad-track of the defendant, to look out and listen for approaching trains with such care as an ordinarily prudent man would have used, yet that failure on his part to do so, if you find that there was such failure on his part, *was not such contributory negligence* as would bar plaintiff's right of recovery, if you further find that the defendant, after seeing the plaintiff's husband, or after it should, in the exercise of due care, have seen the plaintiff's husband on its tracks, or so near thereto as not to have space to pass safely, failed to exercise all proper measure to avoid the casualty." (3) "By the law of Florida, if the defendant is at fault and the plaintiff is at fault, the plaintiff is entitled to recover, but the jury must diminish the damages in proportion to the fault attributable to the plaintiff. If it be true, as contended by the plaintiff, that the deceased, when injured, was crossing defendant's track, oblivious of the approach of a train, and a lookout stationed upon the rear of the car, in the exercise of reasonable diligence, could and would have discovered the plaintiff's perilous situation in time to avert the collision by warning, application of brakes, or otherwise, then the failure to put a lookout on the rear of such train *was negligence on defendant's part,* contributing directly to the injury, and the plaintiff would be entitled to recover, the jury diminishing the damages in proportion to the default attributable to the deceased." The objection to the charges above set forth was, that the first and third stated what acts constituted negligence on the part of the defendant, and the second stated what would not amount to negligence on the part of the deceased. Under the law of this State, in the trial of cases of the character now under consideration, the question as to what acts do or do not constitute negligence is exclusively for determination by the jury, except in those cases where a particular act is declared to be negligence either by statute or by a valid ordinance of a municipal corporation. See *Atlanta, Knoxville & Northern Ry. Co.* v. *Bryant,* 110 *Ga.* 247, and cases cited; *Western & Atlantic Rd. Co.* v. *Vaughan,* 113 *Ga.* 354.

While the present case, so far as the right of the plaintiff to re-cover and the measure of damages in the event of a recovery were concerned, was to be tried according to the law of the State of Flor-ida, and on these subjects the courts of this State would apply the law of Florida in exactly the same way it would be applied if the case were pending in one of the courts of that State, our laws would of course control in reference to the procedure to be fol-lowed. It is immaterial, therefore, for us to consider what would be the practice under the law of Florida in such cases; whether it would be proper for the court to determine what acts would or would not constitute negligence, or whether these matters would be for determination by the jury under the practice prevailing in that State. In the case of *Massachusetts Benefit Life Ass'n* v. *Rob-inson*, 104 *Ga.* 256, 286, where it was contended that in the trial of an action upon a policy of life-insurance, which under its terms was to be controlled by the law of Massachusetts, the materiality of misrepresentations made by the insured was a question of law, to be decided by the court, for the reason that this was the rule of force in Massachusetts, this court held that, notwithstanding such was the practice in that State, the courts of this State in enforcing a Massachusetts contract would be governed by the law of that State so far as the validity, form, and effect of the contract was con-cerned, but that in a matter affecting merely the remedy or proced-ure to be followed the laws of this State would control; and that therefore in such a case the materiality of misrepresentations would be a question for the jury, as that was the rule under the estab-lished practice in this State. It was in that case said: " These are questions which each State is entitled to decide for itself, and to that end erect tribunals and lay down rules of procedure therein. The law of Georgia can declare what questions shall be passed upon by the court and what questions shall be passed upon by the jury. Persons seeking either to enforce or defeat contracts made in an-other State with citizens of this State, when they sue or are sued in the courts of this State, have no right to say that the tribunal fixed by its laws is not satisfactory to them, and to demand a tribunal erected in accordance with the law of the State in which the contract is made." The principle of that ruling is applicable in a case like the present. The law of Georgia absolutely prohibits a judge from telling a jury what acts do or do not constitute neg-

ligence, unless the act has been declared by law to be negligence; and a person who brings a suit in a court of this State for a tort committed in another State, alleged to have resulted from the negligence of the defendant, must not complain if the practice and procedure of this State are required to be followed in the trial of his case, which he has voluntarily brought before our courts. If there were a statute of the State of Florida, or a valid municipal ordinance of the city where the homicide in the present case is alleged to have occurred, which in effect declared the acts referred to in the charges complained of to be negligence, then the judge in the trial of the case in this State would be authorized to tell the jury that such acts were negligence, just as he would be authorized to do if he were trying a case which arose in this State, where the act claimed to amount to negligence was made so either by a statute or a valid ordinance. It does not, however, appear from the record that there was any statute of the State of Florida, or ordinance of the city in which the plaintiff's husband was killed, which declared either that the acts referred to as constituting negligence on the part of the defendant did amount to negligence, or that the act of the deceased referred to as not amounting to negligence did not have such effect. Such being the case, the charges complained of were erroneous for the reasons assigned. While some of the other charges excepted to may not have been subject to the objections made thereto, there were portions of the charge other than those above quoted which were subject to the criticism that they instructed the jury that certain acts did or did not constitute negligence.

2. Some of the charges which were complained of in the present case seem to be literal copies of headnotes made by the Supreme Court of Florida in a case decided by that court. It is claimed that it was not error to use the language of the Florida court, for the reason that the case was to be tried according to the law of Florida, and anything which was declared to be the law of that State by its court of last resort was a proper subject of instruction to the jury. This position is not sound. There are many things said by this court, both in headnotes and opinions, that are sound law, but which nevertheless would be improper instructions to a jury. This court as well as the Supreme Court of Florida may use language which would be appropriate in a headnote or opinion, but

which would be grossly improper when embodied in a charge to a jury. *Merritt* v. *State*, 107 *Ga.* 676 (4); *F. C. & P. Railroad Co.* v. *Lucas*, 110 *Ga.* 127 − 8. See also, in this connection, *Eagle Mfg. Co.* v. *Browne*, 58 *Ga.* 240; *Hudson* v. *Hudson*, 90 *Ga.* 581, 586 (3).

3. Error was assigned upon certain portions of the charge, for the reason that they in effect instructed the jury that if the defendant was guilty of *any* negligence whatever, the plaintiff would be entitled to recover; it being contended that the effect of the instructions was to make the defendant liable although the negligence proved was entirely disconnected with the transaction resulting in the death of the plaintiff's husband. While the language in one of the extracts from the charge to which exception is taken might be susceptible of this construction, and it would be well upon another trial not to use the exact expression therein contained, still these charges would not, in the light of the entire charge, have been sufficient to cause a reversal of the judgment denying a new trial. Error is assigned upon the refusal of the court to give numerous requests to charge. Some of these requests were properly refused, because they did not contain correct propositions of law; and we will not undertake to determine whether the other requests should have been given or not, for the reason that upon another trial they may not be adjusted to the facts of the case. As to the assignments of error which took exceptions to the charge as a whole, which complained that the court refused to read to the jury certain portions of the petition in connection with this charge, and of certain failures to charge, as well of certain remarks made by the judge during the progress of the case, all that it is necessary to say is that probably these things will not occur upon another hearing, and it is unnecessary that further allusion should be made to them at this time. In reference to the charge on the subject of the measure of damages, the court seems to have followed substantially the language of the Supreme Court of Florida in the case of F. C. & P. Ry. Co. *v.* Foxworth, 25 So. 318. So far as the exception that the charge was not adjusted to the facts of the case is concerned, if any error was committed in this respect it will probably not be repeated at another trial.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*