weight squarely on said board, and to thus avoid injury from its defective construction and ·insecure position." Defendant was negligent in that he rented to petitioner the said premises with knowledge that petitioner was to use the premises as a dwelling house or domicile, when, by reason of the defective and negligent construction of the kitchen floor as aforesaid, and the consequent danger to occupants of the premises, the premises were unfit for the purpose for which they were rented, and not in a condition suitable for use as a dwelling house, the purpose for which they were rented from the defendant..

In the demurrer it was contended, that no cause of action was set out; that no facts were alleged to show how the defendant, by the exercise of ordinary care, could have discovered the alleged defect; that the petition shows that the defendant could not, by the exercise of ordinary care, have discovered the alleged defects before the injury; that the petition, being most strongly construed against the plaintiff, shows that the defendant did not discover the defective condition of the floor before the injury; that the petition shows that if the defendant was negligent, the plaintiff was equally or more negligent; and that no facts are alleged to show why the plaintiff could not have discovered the defective condition of the floor by the exercise of ordinary care.

*W. Paul Miller, Theo. J. McGee*, for plaintiff, cited: 20 *Ga. App.* 203 (3); 4 *Ga. App.* 680; 6 *Ga. App.* 80; 18 *Ga. App.* 248; 24 *Ga. App.* 94; 55 *Ga.* 180; 44 *Ga.* 489; 56 *Ga.* 11; 58 *Ga.* 204 (1).

*A. W. Cozart, J. E. Chapman*, for defendant, cited: 112 *Ga.* 901 (1, 2); 30 *Ga. App.* 462 (2 a); 20 *Ga. App.* 203.

---

### 15404. CHARLEY *v.* THE STATE.

BLOODWORTH, J. 1. When the entire charge of the court is considered, no error requiring the grant of a new trial was committed in charging the jury as follows: "Where a larceny from the house has been shown by proof, and shortly thereafter the defendant on trial is shown to be in possession of some of the goods so taken from the store-house or house, that proof may be sufficient to authorize his conviction, unless he satisfactorily accounts for his possession. As to whether the possession is satisfactorily accounted for is a question for" the jury. On the effect of the unexplained possession of stolen goods, the larceny from the house being otherwise established, the charge conforms, in substance to

the ruling in *Mangham* v. *State,* 87 *Ga.* 549 (1) (68 S. E. 518), and cases there cited (p. 551).

2. While the evidence to connect the defendant with the crime is rather weak and unsatisfactory, this court cannot say that there is no evidence to support the verdict.

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
>
> DECIDED MAY 13, 1924.

Indictment for larceny from house; from Cherokee superior court —Judge Blair. January 19, 1924.

*Morris, Hawkins & Wallace,* for plaintiff in error.

*John S. Wood, solicitor-general,* contra.

---

### 15411.   THOMPSON *v.* THE STATE.

BLOODWORTH, J. 1. "Where the court provisionally admits evidence on the promise of the solicitor-general that he will subsequently connect the same and show its relevancy, it is not incumbent on the judge, of his own motion, to determine whether such promise has been kept and to exclude the testimony, without a request to that effect by the defendant." *Thomas* v. *State,* 129 *Ga.* 419 (59 S. E. 246). See *Sasser* v. *State,* 129 *Ga.* 543 (3) (59 S. E. 255), and cases cited (p. 546); *Quinn* v. *State,* 22 *Ga. App.* 634 (2) (97 S. E. 84), and cases cited. The principle announced in the foregoing cases disposes of ground 2 of the amendment to the motion for a new trial.

2. There is some evidence to support the verdict, and where this is true, and no error of law is shown to have been committed during the trial, this court is powerless to interfere.

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
>
> DECIDED MAY 13, 1924.

Indictment for possession of liquor; from Haralson superior court—Judge Irwin. December 27, 1923.

*I. N. Cheney,* for plaintiff in error.

*E. S. Griffith, solicitor-general,* contra.

---

### 15417.   CROWLEY *v.* THE STATE.

LUKE, J. 1. A conviction of larceny was authorized by the evidence.

2. The seven grounds of the motion for a new trial, as to the exclusion of evidence, the alleged insufficiency of evidence, and alleged error in excerpts from the charge of the court, are without substantial merit. The defendant has had a legal trial, and for no reason pointed out did the court err in overruling the motion for a new trial.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
>
> DECIDED MAY 13, 1924.