35914. YOUNG v. TRUITT et al.

DECIDED NOVEMBER 23, 1955—REHEARING DENIED DECEMBER 13, 1955.

146

*Randall Evans, Jr.*, for plaintiff in error.

*Hull, Willingham, Towill & Norman, Knox & Neal*, contra.

FELTON, C. J. The court did not err in sustaining the general demurrer of Miss Egrus Young and in sustaining the demurrers as to the other nonresident parties defendant.

1. Assuming that under the allegations of the petition Miss Young owed the plaintiff the duty to exercise ordinary care, the allegations of the petition show no failure on Miss Young's part to do so. The petition does not allege facts showing that Miss Young violated Ga. L. 1953, Nov.-Dec. Sess., p. 588 (Code, Ann. Supp., § 68-1647 (c)). In the first place, construing the petition against the pleader, even if she technically violated the provisions of the section, the violation was not negligence as to the plaintiff or the truck approaching from the rear for the reason that the truck at the time was 100 yards behind Miss Young's automobile. Since the truck was not immediately behind Miss Young's car, the driver of the truck could have discovered and avoided whatever negligence Miss Young might have been guilty of in slowing the speed of her car. Even construing the petition in the pleader's favor that Miss Young slowed down her automobile five miles per hour by taking her foot off the accelerator when the truck was a less distance than 100 yards behind her, if the defendant Truitt was operating his truck at such a speed and at such a close distance behind Miss Young's car that he could not avoid a collision

with the rear of her car when it slowed 5 miles per hour, then such acts on his part were the sole proximate cause of the collision. In the second place, the petition does not allege a sudden slowing down in the contemplation of the law. In the third place, the facts alleged show that both the truck and Miss Young's car were approaching the crest of a hill where the way ahead was not clear for the truck to pass Miss Young and show that the circumstances authorized, if they did not require, Miss Young to reduce her speed in some degree at the time and place. Ga. L. 1953, Nov.-Dec. Sess., p. 578 (Code, Ann. Supp., § 68-1626, subsection 3 (c)). Under the facts alleged Miss Young had a right to presume that the driver of the truck would obey the law and not attempt to pass her approaching the crest of a hill where the way was not clear and would reduce the speed of the truck to avoid a collision. *Reid* v. *Raper,* 86 *Ga. App.* 277, 279 (71 S. E. 2d 735). The facts alleged show no liability on the part of Miss Young under the doctrine of the last clear chance. They show only that the sole proximate cause of the plaintiff's injuries was either the negligence of the driver of the truck alone or the negligence of the driver of the truck coupled with the negligence of the defendant Koger. No negligence on the part of Miss Young is alleged which anywhere within the realm of reason could be said to be a concurring proximate cause of the collision.

The court did not err in sustaining the demurrers and in dismissing the action as to all defendants.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*