### 35879. GRIFFIN *v.* ROSS.
### 35885. YANCEY *v.* GRIFFIN.

Decided February 15, 1956.

*G. L. Dickens, Jr., Peter J. Rice,* for plaintiff in error in case No. 35879.

*R. C. Whitman, Jr., Whitman & Whitman,* contra.

*R. C. Whitman, Jr., Whitman & Whitman,* for plaintiff in error in case No. 35885.

*G. L. Dickens, Jr., Peter J. Rice,* contra.

QUILLIAN, J. ■ In this court George A. Ross, defendant in error in case No. 35879, moves to dismiss the bill of exceptions filed by Mrs. Holly M. Griffin to review the judgment of the trial court overruling her motion for a new trial on the ground that his co-defendant, M. C. Yancey, a necessary party to the appeal, is not named defendant in error in the bill of exceptions.

Likewise the defendant in error Mrs. Holly M. Griffin in case No. 35885 moves to dismiss the bill of exceptions filed by M. C. Yancey to review the judgment overruling his motion for new trial on the ground that his co-defendant Ross who she contends was an indispensable party to the appeal is not named defendant in error in the bill of exceptions.

The case of *Western Union Telegraph Co.* v. *Griffith*, 111 *Ga.* 551 (36 S. E. 859) is controlling authority as to both motions. The *Griffith* case holds that where, in a case against co-defendants alleged to be joint and several tortfeasors, the verdict is in favor of the plaintiff as to one of the defendants but absolves the other from liability, the plaintiff may have the election of being content with the verdict, or of moving for a new trial. If the latter is chosen and a new trial granted the entire verdict would be set aside, hence both defendants are interested in an appeal from a judgment overruling the motion and must be named defendants in error in the bill of exceptions. It follows that the bill of exceptions in No. 35879 must be dismissed.

The plaintiff in error's motion to amend the bill of exceptions avails nothing since the co-defendant in whose favor the verdict was rendered was not served with the bill of exceptions, and it does not appear from the record that he waives service or agrees to be made a party. *Carter* v. *Davidson*, 138 *Ga.* 317 (75 S. E. 155).

In *Western Union Telegraph Co.* v. *Griffith*, supra, it is further held that where the verdict is against one of the defendants and in favor of his co-defendant, the former may appeal without naming his co-defendant a party to the bill of exceptions. Accordingly, the motion in case No. 35879 must be denied.

In disposing of case No. 35885 the defendant in error, Mrs. Holly M. Griffin will be referred to as the plaintiff, and the plaintiff in error, M. C. Yancey, as the defendant, as will his co-defendant George A. Ross, the parties having occupied these positions indicated in the trial court.

The only general ground of the motion for a new trial insisted upon by the defendant Yancey, plaintiff in error in case No. 35885, is that the verdict was not supported by the evidence.

He insists, first, that there was no evidence to show that the death of the plaintiff's husband was proximately caused by his wilful or negligent act or that of his servant Ross for whose conduct he was responsible under the doctrine of respondeat superior.

Secondly, Mr. Yancey stoutly maintains that there was no evidence that he committed any wilful or negligent act proximately resulting in damage to the plaintiff's husband; hence under no view of the case could he be held liable except on account of

responsibility for the conduct of his servant and codefendant Ross, and that the jury having found a verdict absolving Ross from liability, there could be no recovery against him.

There was evidence that the defendant Ross left the truck of his co-defendant employer Mr. Yancey not equipped with reflectors, unlighted and illegally parked on the highway in such manner that it became a hazard to the safety of the traveling public, including the plaintiff's husband. Thus the evidence did authorize the finding that his negligence did put in motion the forces that proximately caused the collision and resulted in the death of the plaintiff's husband.

But there was other competent evidence submitted upon the trial that the defendant Ross employed certain prudential means to prevent his ultimate negligence resulting in peril to those traveling upon the highway. These steps were, that in the evening the truck was left on the highway under the circumstances related, Ross notified his employer, the defendant Yancey, that the unlighted truck had been parked upon the highway. This warning was, according to Ross' testimony, given Mr. Yancey nearly twenty four hours prior to the occurrence of the collision and in ample time to afford him opportunity to remove it from the place it occupied before the plaintiff's husband was exposed to the peril it posed. Thus two questions for solution by the jury arose: first, whether Ross had exercised such precaution as amounted to the care that an ordinarily prudent person would have employed in similar circumstances to prevent his act of negligence from causing the injury to persons it would otherwise be calculated to expose to danger and to sever the connection between his negligence and the proximate cause of the collision. In short, whether after having been warned of the unlighted truck being upon the highway, the failure of Yancey to remove it constituted an intervening cause relieving Ross from liability on account of his negligence in placing it there. Secondly, the proof of the case made a jury issue as to whether the negligent conduct of Mr. Yancey in leaving the unlighted truck on the highway after the timely notice had, according to the testimony of Ross, been given him, so that he could have had it removed, placed flares, or lights or taken other appropriate steps to warn of its presence there became the sole proximate cause of the collision.

It follows that while the evidence was in conflict and admittedly very weak it did authorize the jury to find in favor of the defendant Ross and against his employer Mr. Yancey. In this connection it should be observed that while a master is jointly liable with his servant for damages wrought by the negligence of the servant while acting in the course and scope of his employment, the master is likewise individually liable for results of his own negligence not participated in by the servant. In this case Ross was not connected with Mr. Yancey's omission to remove his truck, or provide warning to the public that it was unlighted and illegally parked upon the highway.

On the morning of the trial he testified that he gave Mr. Yancey notice of the location and condition of the truck. In the afternoon he repudiated his testimony and swore he did not so notify Yancey and did not even see him before the collision occurred, then in the course of being further interrogated as a witness he reaffirmed his original version of the matter, and testified in a vacillating fashion that he did give notice to Mr. Yancey. His testimony was contradicted by the positive and plausible evidence of several witnesses.

In these circumstances the jury would have been thoroughly warranted in disbelieving the witness altogether. Code § 38-1806; *Jefferson Standard Life Ins. Co.* v. *Bentley,* 55 *Ga. App.* 272 (190 S. E. 50). But it is for the jury to observe the witness' manner of testifying and possibly the jury has other knowledge of his veracity to decide whether he swore positively falsely and ought not to be believed in any particular, or whether he was confused and his testimony, though highly inconsistent, was worthy of credit and to be given weight in determining the issues to which it related.

Because this court in reviewing the record is impressed that the witness was probably not worthy of belief makes little difference since appellate courts are not vested with authority to pass upon the credibility of witnesses unless their testimony amounts to an assertion of the impossible. *Booker* v. *State,* 50 *Ga. App.* 66 (176 S. E. 917). The jurors are, as termed by Justice Bleckley "the doctors of doubt", and are clothed with authority to pass upon issues of fact and it is their province to decide what weight and credit will be given the testimony. The rules as venerable as our

414

State's system of jurisprudence are stated in *Almand* v. *State*, 149 *Ga.* 182 (4) (99 S. E. 795) ; and in *Pacific Mutual Life Ins. Co.* v. *Barfield*, 57 *Ga. App.* 43, 48 (194 S. E. 258) where it is said, "And 'the ultimate determination as to the weight of an admission is for the jury' [decisions cited]. Even regarding the contradictory statements as a matter of impeachment, it was still for the jury to say whether the plaintiff was successfully impeached." *Fulmer* v. *State*, 74 *Ga. App.* 298 (2, 3) (39 S. E. 2d 732) states: "'The credibility of a witness is exclusively for determination by the jury; and although a witness may have been successfully impeached, it is left to the discretion of the jury to decide whether his testimony has been corroborated; and while it would be their duty to disregard entirely the testimony of an impeached witness, unless corroborated, yet they have the right to believe the evidence of a witness, notwithstanding the impeachment, and in the absence of any corroboration. Section 5884 [38-1806] of the Civil Code (1910) is not intended as an abridgment of the absolute right of the jury to determine as to the credibility of witnesses.' *Brown* v. *State*, 10 *Ga. App.* 50 (2) (72 S. E. 537) ; *Solomon* v. *State*, 10 *Ga. App.* 469 (3) (73 S. E. 623) ; *Edwards* v. *State*, 55 *Ga. App.* 187 (5) (189 S. E. 678). . . 'The whole question of the credibility of witnesses is wisely left to the jury under any and all circumstances, and though Ananias and Saphira spoke again, the law would not strike them dead, but would leave their testimony to be weighed and accepted or rejected by the jury. This court is therefore powerless to interfere with the verdict of a jury where there is any evidence, however slight, to support it, and regardless of what may be the character of the witnesses for the State.' *Aycock* v. *State*, 62 *Ga. App.* 812 (1) (10 S. E. 2d 84)."

■ Grounds one and two of the amended motion for new trial and the motion in arrest of judgment are all predicated upon the contention that the liability of any was joint so that no recovery was authorized unless against both defendants, and the further contention that any liability that the defendant Yancey had was to answer for the negligence of his servant and co-defendant Ross, hence the jury's verdict was on finding that there was no basis for recovery of Mr. Yancey for such damages.

Joint liability exists in those cases where concerted wrongful

or negligent conduct proximately causes damage to another, as in the case of *Hunter* v. *Wakefield,* 97 *Ga.* 543 (25 S. E. 347, 54 Am. St. R. 438).

The same principles apply when liability of the master and servant is from tortious acts of the servant alone, for which the master is liable under the doctrine of respondeat superior. *Giles* v. *Smith,* 80 *Ga. App.* 540, 542 (56 S. E. 2d 860). Joint and several liability exist where the concurrent independent acts of the tortfeasors unite in producing the damage. *Adams* v. *Jackson,* 45 *Ga. App.* 860 (166 S. E. 258) ; *Wright* v. *Shirley,* 46 *Ga. App.* 655 (168 S. E. 915). There is still another class of cases to which the instant case belongs where the jury is authorized to find that the damage resulted either from wrong or negligent conduct for which both of the defendants are liable, or that it was proximately caused by the acts of either of the defendants, not participated in by the other, and for which the defendant committing those acts was alone responsible.

In the first class of cases the verdict must be against all of the defendants or it is valid against none. In cases of this nature belonging to the second and third types mentioned, recovery may be had against any one or all the defendants. *Milton Bradley Company of Georgia, Inc.* v. *Cooper,* 79 *Ga. App.* 302 (53 S. E. 2d 761) ; *Atlantic Coast Line R. Co.* v. *Strickland,* 87 *Ga. App.* 596 (74 S. E. 2d 897) ; *Orr* v. *Dawson Telephone Co.,* 35 *Ga. App.* 560 (133 S. E. 924).

Justice Lumpkin in *Wooten & Co.* v. *Nall,* 18 *Ga.* 609 (7) stated the rule broadly: "Under the laws of this State, in all actions where two or more defendants are joined, and it shall be made to appear, on the trial, that a portion of them are not liable, and ought not to have been joined in the action, the suit shall not abate or be quashed on that account; but the action may thereafter proceed against the other defendant or defendants." This was a case ex contractu, but in the body of the opinion he discussed the principles that governed the right to recover of defendants liable in a joint and several action in which some of the defendants are shown not to be liable.

This case, as stated, falls within the third category and recovery against the defendant Ross was not essential to the validity of the verdict finding against his co-defendant Yancey.

We find no error in overruling the first two special grounds of the motion for a new trial and the motion in arrest of the judgment.

█ The third ground of the motion for a new trial excepts to the judge giving the language of Code § 68-317 in charge to the jury.

The first sentence of the Code section reads: "All vehicles using the public roads and highways of the State of Georgia at night shall be equipped with front and rear reflectors, in addition to the lights required by section 68-316 to serve as a warning signal to drivers of approaching vehicles."

The second sentence of the section reads: "The Department of Public Safety is hereby vested with the authority to determine and specify the type of reflectors to be placed on vehicles; to approve reflectors meeting the minimum requirements, and to make such other reasonable rules and regulations needed for the use of said reflectors."

The second sentence authorizes the Department of Public Safety to prescribe the minimum requirements of the reflectors. The insistence is that since the type of reflectors to be used was never designated by the Department of Public Safety, the entire Code section never became an operative or effective statute of the State, and hence the charge was not adapted to the issues of the case.

We have given careful consideration to this very interesting phase of the case, and have reached the conclusion that the first sentence of the Code section makes the act of having no reflectors. a violation of the law, especially when considered in connection with Code § 68-9920. "Violation of Acts 1939, p. 295, as misdemeanor; punishment; duty of arresting officers.—Any person violating the provisions of Acts of 1939, p. 295, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished as for a misdemeanor, or as otherwise provided in this said law. It is the duty of every arresting officer both county, municipal, and State, to enforce the provisions of this said law."

Consequently, there being some evidence that the truck was not equipped with reflectors, the first sentence of Code § 68-317 was adjusted to the issues of the case and was properly given in charge to the jury. The remainder of the Code section was not

applicable to any issue in the case, and it would have been better to have omitted reference to that portion of the statute from the charge, and reading it could hardly have had the effect of confusing the jury and was certainly favorable to the defendants. If it could have engendered any erroneous conception, it would have been that unless the plaintiff proved the Department of Public Safety had adopted some regulation as to the size and shape of the reflectors to be used, none would be required. Since there was no such proof this would certainly have enured to the defendants' interest.

The general rule is well stated in *Pippen* v. *State*, 205 *Ga.* 316 (9) (53 S. E. 2d 482) : "Though it is better for him not to do so, it is not usually cause for a new trial that the judge gives in charge to the jury an entire statutory or Code provision, a part of which is applicable and a part inapplicable to the case under consideration. *Thompson* v. *Mitchell*, 192 *Ga.* 750 (2) [16 S. E. 2d 540]."

There are many similar holdings, prominent among which are, *Williams* v. *McCranie*, 27 *Ga. App.* 693 (109 S. E. 699) ; *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389 (3) (46 S. E. 405) ; *Floyd* v. *Boss*, 174 *Ga.* 544 (163 S. E. 606).

■ This brings us to the consideration of the fourth and final ground of the amended motion. This ground excepts to the court, after a verdict had been returned for the plaintiff generally, in which no defendant was mentioned, remanding the case to the consideration of the jury with the instructions that they retire and specify in their verdict the name or names of the defendant or defendants against whom it was found; whereupon the jury returned the verdict so amended as to find against the defendant Yancey alone.

The specific assignments of error contained in this ground were: "(1) This was a joint suit in tort against M. C. Yancey and George Anders Ross, and no valid and legal verdict could be rendered against M. C. Yancey without a like verdict being rendered against George Anders Ross. (2) Because the court was without authority to instruct the jury to change its original verdict by finding a verdict against M. C. Yancey and in favor of George Anders Ross."

It will be observed that the first of these assignments of error raises precisely the same question as the first two special grounds

of the motion for new trial and the motion in arrest of judgment. It follows that we have in effect disposed of this assignment of error by holding that the liability of the defendants was joint and several, and that there was evidence that Yancey was guilty of negligence, not participated in by Ross, which of itself could have afforded the sole proximate cause of the collision resulting in the death of the plaintiff's husband. Further elaboration we deem unnecessary.

The second assignment of error that the charge was error because it was tantamount to instructing the jury to find against the defendant Yancey does not show error. This is true because while conscientious and respective counsel so interpret the charge, we do not think that it is susceptible of that construction. The instructions given the jury were not that they find against either of the defendants, but simply that they so amend the verdict returned by them to show what defendant or defendants it was returned against.

The point is not raised as to whether the remanding of the case to the jury was error because the verdict as originally returned amounted to a general verdict in the plaintiff's favor. *Frank E. Wood Co.* v. *Colson,* 43 *Ga. App.* 265 (158 S. E. 533); *Houston* v. *The Ladies Union Branch Association,* 87 *Ga.* 203 (3) (13 S. E. 634).

Nor have we before us the question of the judge's discretion to remand the case to the jury that the verdict be made more certain. On that subject, however, the cases of *August* v. *State,* 20 *Ga. App.* 168, 169 (6) (92 S. E. 956); *Cook* v. *State,* 26 *Ga.* 593 (5); *Mangham* v. *State,* 87 *Ga.* 549 (13 S. E. 558) are of interest. Neither are we privileged to pass upon the question as to whether, if it should appear that the judge erred in resubmitting the case to the jury, a new trial would result or the judgment of reversal would carry with it instructions that the superstructure of the amendment be removed and the verdict as originally returned not be disturbed.

We considered it well to refer to those phases of the case and the principles applicable to them to avoid the appearance of simply having overlooked or being unmindful of them.

*Judgment affirmed in case No. 35885. Bill of exceptions dismissed in Case No. 35879. Felton, C. J., and Nichols, J., concur.*