37115. WITCHER *v.* STUDDARD *et al.*

DECIDED APRIL 17, 1958.

■

*Dunaway & Embry, John A. Dunaway, Orrin Roberts,* for plaintiff in error.

*A. F. Jenkins, Randall Evans, Jr., Weldon Boyd, A. M. Kelly,* contra.

GARDNER, Presiding Judge. It is settled that where a plaintiff sues two joint tortfeasors, it is not necessary to allege that each defendant committed the same amount of negligence. See *Gooch v. Georgia Marble Co.,* 151 *Ga.* 462, 464 (107 S. E. 47), and *Wilson* v. *Ray,* 64 *Ga. App.* 540, 543 (13 S. E. 2d 848). *Whitfield* v. *Wheeler,* 76 *Ga. App.* 857, 860 (47 S. E. 2d 658) holds that when the driver of a car is confronted with an emergency he is legally liable to exercise ordinary care and diligence under the circumstances, but he will not be liable because he might not have exercised good judgment under the circumstances. It is also well settled that if an injury would have occurred regardless of the acts of negligence on the part of a defendant there can be no recovery. See *Kleinberg* v. *Lyons,* 39 *Ga. App.* 774 (148 S. E. 535), *Western & Atlantic R.* v. *Frazier,* 66 *Ga. App.* 275 (18 S. E. 2d 45), *Stapleton* v. *Stapleton,* 87 *Ga. App.* 417 (74 S. E. 2d 116), and *Southeastern Liquid Fertilizer Co.* v. *Mock,* 92 *Ga. App.* 270 (88 S. E. 2d 531). Counsel for the defendant Witcher cites the following cases in support of the theory that Witcher used ordinary care and diligence under the circumstances: *Peavy* v. *Peavy,* 36 *Ga. App.* 202 (136 S. E. 96), *Luxenburg* v. *Aycock,* 41 *Ga. App.* 722 (154 S. E. 460), *Young* v. *Truitt,* 93 *Ga. App.* 143 (91 S. E. 2d 115), and *Geddie* v. *Hall,* 93 *Ga. App.* 430 (91 S. E. 2d 810). While we have no criticism of the cases cited, they are not applicable to the pleadings in the instant case.

Counsel for the plaintiff and counsel for the defendant Witcher have cited many cases for the parties represented in regard to the law. We might mention here that ·counsel for the railroad company did not file a brief. When we analyzed the cases cited in the briefs we found the facts and the pleadings different from the pleadings in the instant case and we therefore determined that the negligence or lack of negligence of all parties concerned are questions to be determined by a jury.

The court did not err in overruling and denying the motion to dismiss the plaintiff's petition as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*