37561.   ATLANTIC COAST LINE RAILROAD COMPANY
*et al. v.* STUDDARD *et al.*

DECIDED APRIL 30, 1959 —
REHEARING DENIED MAY 26, 1959.

*Weldon C. Boyd, A. M. Kelly,* for plaintiffs in error.

*A. F. Jenkins, Randall Evans, Jr., Dunaway, Embry & Shelfer, Wm. S. Shelfer, Orrin Roberts,* contra.

NICHOLS, Judge. ▉ Counsel for the plaintiff contends that a judgment on the railroads' demurrers had been rendered prior to the first appearance of the case before this court, and, that since the railroads did not file a cross-bill of exceptions to the writ of error filed by the defendant Witcher, the judgment of the trial court overruling such demurrers is now established as the law of the case and is not subject to review. In support of this contention he cites cases exemplified by *Carmichael Tile Co.* v. *McClelland,* 213 *Ga.* 656 (2) (100 S. E. 2d 902), wherein it was held that, when a writ of error is first brought to this court on a final judgment, all antecedent rulings must be excepted to or be waived so as to become the law of the case whether right or wrong, and that, if the antecedent rulings are adverse to the defendant in error in the first writ of error, a cross-bill of exceptions must be filed, or the alleged errors will be held to have been waived.

This contention is without merit because the plaintiffs in error in the present case were not necessary parties to the prior appeal by their alleged joint tortfeasor (*Anderson* v. *Williams,* 95 *Ga. App.* 684, 98 S. E. 2d 579, and citations), and whether the judgment complained of in the first appeal was affirmed or reversed it would not affect the liability of the plaintiffs in error here, since, as the original record on file in this court shows, the motion to dismiss filed by the defendant Witcher contended only that the plaintiff's petition failed to set forth a cause of action against him. Moreover, the cases relied on by the defendant in error in support of the contention that the rulings of the trial court, right or wrong, are now the law of the case,

are cases where there had been an appeal from a *final* judgment (not one that would have been final if rendered as contended for by the plaintiff in error), or cases where the plaintiff in error was the same in both writs of error.

■ The plaintiff in the lower court contends that the judgment of this court in *Witcher* v. *Studdard,* 97 *Ga. App.* 513, 516 (103 S. E. 2d 646) which held in part: "The negligence or lack of negligence of all parties concerned are questions to be determined by a jury," is controlling as to the question presented by the present writ of error dealing with the judgment of the trial court overruling the general demurrer of the defendant railroads. The record on file in this court in *Witcher* v. *Studdard,* supra, shows that the only question presented for decision was whether the petition set forth a cause of action against the defendant host driver Witcher. If the petition set forth a cause of action against Witcher and no demurrers were filed or insisted on by the railroads, and none were then before this court, a jury question was presented as to all defendants. Accordingly, the decision on the first appeal is not established as the law of the case as to the defendant railroads.

The plaintiff's petition showed that the deceased was a guest in an automobile being operated by the defendant Witcher, that because of atmospheric conditions, even though the automobile operated by the defendant Witcher was equipped with proper headlights, such headlights would not clearly reveal an unlighted object more than 50 feet ahead, and the defendant Witcher did not see the train of the defendant railroads on the crossing until he was 50 feet from the crossing, that because of his speed and other acts of negligence, and that because of the alleged negligence of the defendant railroads the plaintiff's daughter was killed.

The alleged negligence of the railroads was based on the fact that they failed to give *any* warning of the fact that the train was approaching or crossing the highway at night after establishing a custom of operating their trains over the line only in the daylight hours so as to lull the citizens of Walton County and the defendant Witcher into a belief that no trains would be operated at night.

In *Evans* v. *Georgia Northern R. Co.*, 78 *Ga. App.* 709, 712 (52 S. E. 2d 28), it was held: "It clearly appears from the petition in the present case that the sole proximate cause of the collision was the failure of the operator of the automobile, with full knowledge of the conditions then existing, to exercise ordinary care and control the automobile so as to avoid striking the train that was actually proceeding across the intersection." The facts in that case were very similar to the facts in the case sub judice. In *Atlantic Coast Line R. Co.* v. *Coxwell*, 93 *Ga. App.* 159, 164 (91 S. E. 2d 135), the holding in the above cited case was expressly overruled. Therefore, the present case is controlled adversely to the defendant railroads, and the trial court did not err in overruling the general demurrer of the defendant railroads, because, "There are circumstances where due care for the safety of others would require a railroad obstructing a crossing to place a guard, light, or some other warning at a proper point to give notice for the time that the crossing is obstructed. *Mann* v. *Central of Georgia Ry. Co.*, 43 *Ga. App.* 708, 711 (160 S. E. 131); *Atlantic Coast Line R. Co.* v. *Marshall*, 89 *Ga. App.* 740, 743 (81 S. E. 2d 228). An illustration of such circumstances is a 'misty and foggy morning.' *Gay* v. *Smith*, 51 *Ga. App.* 615, 616 (181 S. E. 129)." *Savannah &c. Ry. Co.* v. *Newsome*, 90 *Ga. App.* 390, 394 (83 S. E. 2d 80). In the present case a jury question was presented by the petition as to whether the railroads should have provided some warning which they did not provide, and whether the failure to provide such a warning was a proximate cause of the death of the plaintiff's daughter.

■ A careful examination of the special demurrers, filed to the petition as originally filed and to the petition as amended, which were overruled by the trial court, shows that such special demurrers were without merit. Accordingly, the trial court did not err in overruling the defendant railroads' special demurrers.

■ Special grounds 1 and 2 of the amended motion for new trial complain of excerpts from the charge which contained expressions of the trial court which were manifestly mere slips of the tongue or inadvertent statements, which, when considered with the remainder of the charge could not have been harmful

to the plaintiff in error. "An inadvertent statement, or mere slip of the judge's tongue, not prejudicial to the complaining party, does not require the grant of a new trial." *City of Summerville* v. *Sellers,* 94 *Ga. App.* 152 (7) (94 S. E. 2d 69).

■ Special ground 3 complains of an excerpt from the charge wherein the court instructed the jury that it was for its determination as to what warning was required to be given at the crossing, in addition to any particular statutory warning, and if the jury determined that some particular warning should have been given in the exercise of ordinary care, then the failure to give such warning would be negligence.

Under the principle pronounced in *Atlantic Coast Line R. Co.* v. *Coxwell,* 93 *Ga. App.* 159, supra, the charge complained of was not error, for such question was for the determination of the jury.

■ Special ground 4 complains of an excerpt from the charge dealing with the duty of the deceased guest passenger to discover and protect herself against the negligence of the host driver. Such charge was not error, and was in accord with the principles set forth in *Wilson* v. *Harrell,* 87 *Ga. App.* 793, 797 (75 S. E. 2d 436).

■ Special grounds 5 and 19 of the amended motion for new trial complain of excerpts from the charge wherein the jury was instructed that, if the bell on the train was not rung as the train approached the crossing, the railroad would be guilty of negligence per se even though the engineer gave the signal by whistle as required by Code (Ann.) § 94-506.

Code (Ann.) § 94-506, as to the giving of a signal, requires that the railroad erect a blowpost 400 yards from the center of an intersection at grade with any public road used by the public in crossing the tracks of the railroad, and that the engineer give a described signal with the whistle on the train, but such Code section does not require the ringing of a bell.

Under the pleadings in the present case a jury could have determined that it was negligence, as against the railroad, for it not to have rung the bell under the circumstances, but the pleadings did not make a case where proof of the fact that the bell was not rung would authorize a finding that the defendant

railroad was negligent without the jury first determining that ordinary care required the railroad to ring the bell under the circumstances.

"The law of Georgia absolutely prohibits a judge from telling a jury what acts do or do not constitute negligence, unless the act has been declared by law to be negligence." *Savannah, Florida &c. Ry. Co.* v. *Evans,* 115 *Ga.* 315, 317 (41 S. E. 631, 90 Am. St. Rep. 116). Accordingly, the trial court erred in giving the charge complained of in these special grounds of the amended motion for new trial and in denying the railroads a new trial.

■ Special ground 8 assigns error on the judgment of the trial court refusing to permit the jury to be polled because the motion to poll it came too late.

The movant concedes that the trial court has a discretion in civil cases as to whether the jury will, on motion, be polled, but argues that the trial court did not exercise this discretion in the present case. The motion in the present case came after the verdict had been published and before the jury was discharged, which under the decision in *Pan-American &c. Co.* v. *Tudor,* 81 *Ga. App.* 417 (59 S. E. 2d 12), was the proper time to make such a motion. However, the record does not disclose what had transpired between the time the verdict was published and the motion to poll the jury was made. The ruling that the motion came too late, without more being shown, is as consistent with the exercise of discretion as with the failure to exercise discretion. Accordingly, the ground of the motion for new trial fails to show error.

■ The remaining special grounds of the amended motion for new trial which assign error on excerpts of the charge have been carefully examined and fail to disclose any error harmful to the defendant railroads.

■ Inasmuch as the case must be tried again neither special ground 6, which complains that the verdict was excessive, nor the usual general grounds of the motion for new trial will be passed on except to say that the verdict for the plaintiff and against the railroads was not demanded by the evidence.

■ The contention of the plaintiff in the lower court, de-

fendant in error here, that if the judgment as to the defendant railroads was reversed a new trial as to the defendant Witcher should be granted is without merit. See *Western Union Telegraph Co.* v. *Griffith*, 111 *Ga.* 551 (36 S. E. 859), and *Griffin* v. *Ross*, 93 *Ga. App.* 407 (91 S. E. 2d 815).

*Judgments affirmed in part and reversed in part. Felton, C. J., concurs. Quillian, J., concurs specially.*

QUILLIAN, Judge, concurring specially. I concur specially because in my opinion only ground 5 of the amended motion for new trial shows error.