A93A1269, A93A1417. THOMPSON v. HARDY
CHEVROLET-PONTIAC-BUICK, INC. (two cases).
(439 SE2d 689)

COOPER, Judge.
This is the second appearance of this tort claim by appellant-plaintiff, the passenger of a vehicle who was injured when the brakes failed and the vehicle left the road. See *Thompson v. Hardy Chevrolet-Pontiac-Buick*, 203 Ga. App. 499 (417 SE2d 358) (1992), for the underlying facts. The following procedural history is relevant to the resolution of the instant appeals: Appellee-defendant Hardy Chevrolet, the dealership which sold the vehicle, was named as a joint tortfeasor along with the driver and the owner of the vehicle. The case proceeded to trial against all defendants. At the close of the evidence, Hardy Chevrolet was granted a directed verdict. The jury returned a verdict against the remaining defendants, awarding appellant $47,500 for his injuries. This court affirmed the judgment against the driver and the owner. However, the grant of the directed verdict in favor of Hardy Chevrolet was reversed and the case remanded for a new trial. *Thompson v. Hardy Chevrolet-Pontiac-Buick*, supra at 503 (1). Before the retrial, Hardy Chevrolet claimed that the prior verdict and judgment against the other joint tortfeasors in favor of Thompson precluded him from relitigating the amount of his damages. The trial court took this under advisement, and the case proceeded to trial. The second jury returned a verdict against Hardy Chevrolet in

the amount of $110,000. However, in molding the judgment, the trial court concluded that Thompson was entitled only to the amount of damages awarded by the first jury, $47,500, further reduced by payments made by the other joint tortfeasors. In Case No. A93A1417, Thompson appeals from the final judgment entered against Hardy Chevrolet. In Case No. A93A1269, he appeals from various interlocutory orders culminating in the final judgment as reduced. As the appeals raise identical enumerations of error, they are hereby consolidated for disposition in this single opinion.

## Case No. A93A1417

1. Appellant contends that the trial court erred by limiting the amount of his recovery against Hardy Chevrolet to the amount of damages as established by the first jury and by failing to enter judgment based upon the $110,000 verdict returned in this second trial. We hold that the trial court correctly applied the doctrine of collateral estoppel or issue preclusion to permit Hardy Chevrolet to plead and prove the prior judgment against the other joint tortfeasors as a limitation on the amount of damages Thompson may recover against Hardy Chevrolet for the same injuries. " "The trial court was correct in concluding that the (prior) judgment was conclusive and binding upon (appellant as to the amount of his damages), even [if], strictly speaking, (appellee) [had not been] in privity with the (defendant[s]) in that action [due to the erroneous grant of appellee's motion for directed verdict]. The modern trend in applying the (doctrine) of . . . collateral estoppel (or issue preclusion) is to confine the privity requirement to the party against whom the plea is asserted, so as to permit one who is not a party to the judgment to assert the judgment against a party who is bound by it, and thus to preclude relitigation by that party of issues which have been determined adversely to him in the prior action, even though if the issue had been decided in his favor in the prior action, he would not have been entitled to assert the prior adjudication in a subsequent action against a stranger to the judgment. (Cits.)' [Cits.]" *Green v. Thompson*, 208 Ga. App. 609, 610 (431 SE2d 390) (1993). Appellant's contention that this issue was untimely raised by appellee is without merit. The entry of a pretrial order before the first trial would not preclude the trial court from considering on remand the effect of the prior judgment to the extent it had been affirmed on appeal. "The decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents." Ga. Const. of 1983, Art. VI, Sec. V, Par. III.

2. Remaining enumerations have been considered and are found to be without merit.

## Case No. A93A1269

3. Case No. A93A1269, having been considered, is found to have been rendered moot and is dismissed.

*Judgment affirmed in Case No. A93A1417. Appeal dismissed in Case No. A93A1269. Smith, J., concurs. Beasley, P. J., concurs in judgment only.*

DECIDED NOVEMBER 30, 1993 —
RECONSIDERATION DENIED DECEMBER 20, 1993 —

*Kyle Yancey*, for appellant.

*Gray, Gilliland & Gold, David S. Currie, Thomas J. Lehman*, for appellee.