A94A1611. HYDE et al. v. FULTON COUNTY HOSPITAL AUTHORITY.
(452 SE2d 517)

ANDREWS, Judge.

Carl Hyde and his wife filed a malpractice action against Dr. William Nisbet Toole and the Fulton County Hospital Authority d/b/a Northside Hospital ("Northside"). Separate judgments were entered pursuant to the jury's verdict against Dr. Toole in the total amount of $150,000 and in favor of the hospital. Following the trial court's denial of the Hydes' motions for new trial, Dr. Toole tendered and the Hydes accepted payment of $150,000 in full satisfaction of the judgment. Nevertheless, the Hydes appeal from the judgment entered in favor of Northside Hospital.

Northside filed a motion to dismiss the appeal on grounds that regardless of the separate documentary judgments entered pursuant to the jury's verdict against Dr. Toole and in favor of Northside, the sole judgment in this case has been fully satisfied.

"The case of *Western Union Telegraph Co. v. Griffith*, 111 Ga. 551 (36 SE 859) is controlling authority as to [the motion to dismiss]. The *Griffith* case holds that where, in a case against co-defendants alleged to be joint and several tortfeasors, the verdict is in favor of the plaintiff as to one of the defendants but absolves the other from liability, the plaintiff may have the election of being content with the verdict, or of moving for a new trial. If the latter is chosen and a new trial granted the entire verdict would be set aside, hence both defend-

ants are interested in an appeal from a judgment overruling the motion and must be named defendants in error in the bill of exceptions." *Griffin v. Ross*, 93 Ga. App. 407, 411 (1) (91 SE2d 815) (1956). Having accepted payment of the judgment against Dr. Toole in full satisfaction of the jury's verdict against that defendant, the Hydes are thus estopped from appealing the judgment entered against them as to the liability of Northside Hospital.

Such conclusion is also demanded since, were the judgment in favor of the hospital reversed, on retrial Northside would be authorized to introduce the satisfaction of the prior judgment against Dr. Toole as a limitation on the amount of damages the Hydes might recover against the hospital for the same injuries. *Thompson v. Hardy Chevrolet-Pontiac-Buick*, 211 Ga. App. 521 (1) (439 SE2d 689) (1993). Accordingly, the appeal in this case is dismissed.

*Appeal dismissed. Johnson, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur because plaintiffs sought to hold the defendants jointly and severally liable for the injuries they alleged were due to the separate acts of negligence of defendant doctor and the hospital's nurses. Plaintiffs requested jury charges on multiple proximate causes which jointly contributed to injuries, using the words of Suggested Pattern Jury Instructions (3rd ed. 1991), pp. 231-232, and joint and several liability of joint tortfeasors, citing *Phillips v. Tellis*, 181 Ga. App. 449 (352 SE2d 630) (1987).

These charges were given, and the hospital objected. It contended that "the evidence has been that there was no concert of action between the action of the nurses and the actions of the doctor . . . the actions of the nurses did not contribute directly or indirectly with anything Doctor Toole did." Thus, argued the hospital, the charges were not adjusted to the facts of this case. Nevertheless, plaintiffs prevailed on this point.

The verdict form, about which the court recited no special instructions, gave eight choices, i.e., verdicts for each plaintiff against each defendant in blank amounts, and for each defendant against each plaintiff. The jury chose four, i.e., for each plaintiff against Dr. Toole in sums certain, and for defendant hospital against each plaintiff. Since the theory presented allowed the return of all the damages against only one defendant, and plaintiffs have been paid that total amount, they are precluded from appealing from that part of the judgment with which they are dissatisfied and retaining that part under which they were fully paid.

It is true that plaintiffs alleged that Dr. Toole's negligence was three failed surgeries, as well as failure in subsequent diagnosis and

treatment, and that Northside's alleged negligence was the nurses' failure properly to recognize, assess and treat the problem which appeared several days post-operatively, that is to say, serial acts of negligence which at separate times proximately caused the injuries which left Mr. Hyde in his ultimate, worsened condition. In this respect, the case differs from *Thompson v. Hardy Chevrolet-Pontiac-Buick*, 211 Ga. App. 521 (439 SE2d 689) (1993), where it was alleged that the separate acts of negligence combined to proximately cause a motor vehicle wreck and consequent injuries. It is easier to see in that case that, because the infliction of injuries occurred at one moment in time, the liability of those whose negligent acts proximately caused the resulting same injuries was joint and several. Yet plaintiffs Hyde cannot avoid the fact that their case was presented on the theory of joint and several liability, the jury was not instructed to return separate damages, for different injuries, against each defendant it found liable. This is confirmed in the pretrial order, which set out plaintiffs' contention that the nurses' negligence "combined with" the doctor's negligence to cause the injuries, which were set out with particularity.

So the result is the same, and the doctrine of collateral estoppel or issue preclusion applies. As in *Thompson*, the single amount of damages (combining the amounts for each plaintiff) was the jury's assessment of what plaintiffs could recover from anyone. Since they have been paid that amount, they could recover no more even if we reversed the judgment in favor of the hospital on the sole enumeration of error raised. That enumeration relates only to the liability of the hospital, it is true, as it complains of the admission of certain testimony on the standard of care for nurses. But if a new trial were held with the hospital as the sole defendant and that evidence excluded, and the hospital were found liable, the damages would be fixed at $150,000. The hospital might then be subject to a claim from the doctor for contribution, OCGA § 51-12-32, but that is of no concern to plaintiffs.

Having asked for a joint and several verdict, plaintiffs would have had to seek a new trial as to both defendants, in order to avoid the amount of total damages fixed by the jury against one of them. For a list of possible scenarios when there are multiple defendants, see *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417) (1987).

DECIDED NOVEMBER 14, 1994 —
RECONSIDERATION DENIED DECEMBER 19, 1994 — ∎

*England, Weaver & Kytle, J. Melvin England,* for appellants.
*Meadows, Ichter & Trigg, James D. Meadows, Powell, Goldstein,*

*Frazer & Murphy, Randall L. Hughes,* for appellee.